## 8610. HENRY v. THE STATE.

1. Sections 6094, 6095, 6096, and 6097 of the Civil Code of 1910 all relate to the trial of cases in which new trials have been granted, and they must be construed together. Where a motion for a new trial is granted in vacation by a judge of the superior court, the case will stand for trial at the next term thereafter, but where the motion is granted during a session of the court, the case stands for trial at that term, subject to the rules for continuances, laid down in the code.

2. The court did not err in overruling a challenge to the array, based upon the ground 'that certain tales jurors selected by the sheriff to fill out the panel put upon the accused were selected, not from among those actually present in the court-room when he made his selections, but from a list of qualified jurors furnished him by the clerk of the court, it not appearing that the clerk was himself seeking to select the jurors, or that either the clerk or the sheriff was actuated by any improper motive. or that the defendant was in fact harmed thereby.

3. The court did not err in excluding negative testimony to the effect that certain witnesses were acquainted with the defendant, had visited his place of business frequently, and from their knowledge of him and his

business did not believe he was guilty of the offense charged against him.

4. The evidence for the State authorized the verdict, and this court has no jurisdiction to pass upon the comparative veracity of the witnesses heard at the trial

DECIDED AUGUST 3, 1917.

Accusation of sale of liquor; from Glynn superior court—Judge Highsmith. February 24, 1917.

*Frank H. Harris,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.

WADE, C. J. 1. The defendant was convicted at the December term, 1915, of the superior court, and during that term made a motion for a new trial, which was finally perfected and came on to be heard at the December term, 1916, at which time the motion was granted, and thereupon, during the same term, the presiding judge called the case for trial, required the defendant to announce, and, over his objection, proceeded with the trial. Exceptions pendente lite were filed, and error is assigned thereon in the final bill of exceptions, it being insisted that under the provisions of the Civil Code of 1910, § 6094, the case was not ripe for trial at the term during which a new trial was granted in the superior court, but that by operation of law the case went over to the next ensuing term thereafter. That section of the code is as follows: "When a new trial has been granted by the superior court, the case shall stand on the docket for trial at the next term as though no trial was had, subject to the rules for continuances provided in this code." The act of 1892 (Ga. L. 1892, p. 103, sections 1, 2, 3), codified in sections 6095, 6096, 6097 of the Civil Code of 1910, by its terms relates to cases decided by the Supreme Court which are not finally disposed of in that court, but are remanded to the trial court for some further proceedings. All the sections referred to, however, relate to the trial or hearing of cases in which a judgment previously rendered by the trial court has been set aside or modified, and, generally speaking, relate to "the trial" of cases where a new trial or new hearing has been granted. This being true, there appears to be no sound reason for holding that while cases decided by the Supreme Court in which a new trial is granted, where the lower court is in session when such decision is made, "shall stand for trial during such term of the lower court," yet in cases in which a new trial is granted by the superior court during a regular session thereof, the case shall not stand for trial during

that term, if objection is made by either party, but must by operation of law "stand on the docket for trial at the next term" thereafter. There is no apparent reason why a different rule should be applied in such cases. We therefore construe the provision in section 6094, which declares that the case shall stand on the docket for trial at the "next term," where a new trial has been granted by the superior court, as specifically intended to refer to new trials granted by a trial court in vacation, in which event the case would stand for trial at the "next term, . . subject to the rules for continuances" provided in the code.

If the judge of the superior court should grant a new trial during a session of the court, and thereupon call the case for trial without affording the defendant a sufficient opportunity to prepare for trial, his action in pressing the case to trial would, as in other cases, be subject to review, to determine if he had abused the discretion vested in him by law. In this case it does not appear from the record that the action of the court in forcing the accused to trial during the term at which a new trial had been granted in the superior court was for any reason harmful to the defendant, and hence it can not be held that the trial judge abused his discretion. It is insisted by the plaintiff in error that section 6094 is mandatory, and he simply plants himself upon the proposition that under the law the case was not ripe for trial during the term at which a new trial had been granted. Sections 6094, 6095, 6096, and 6097 all relate, as stated, to the trial of cases in which new trials have been granted either by the superior court or the Supreme Court, and must be construed together *and given a reasonable intendment,* and, as already stated, there can be no reason why a different rule should obtain as to new trials granted by the Supreme Court and new trials granted by the superior courts; and we therefore hold that the provision of section 6094 as to trial at the next term is intended to apply only to new trials granted in vacation. And therefore, since no abuse of discretion appears, the court did not err in declining to continue the case until the next term, merely for the reason that a motion for a new trial had previously been granted the defendant during the same term of the superior court. It may be added that the record discloses that several days elapsed between the grant of the new trial

on January 12, 1917, and the new trial itself on January 17 thereafter.

2. The defendant challenged the array of jurors, "upon the ground that a number of said panel had not been drawn as jurors from the box, nor caught up as tales jurors according to law, from the casual disinterested bystanders, but that the sheriff's deputy had obtained from the clerk of said court a list of the jurors who had served during the preceding week, and then been legally discharged as such jurors, some of said discharged jurors being in court, and from that list and of and from that discharged jury caught· said talesmen, to complete the panel of said twenty-four put upon defendant." There is no merit in this assignment of error. In the first place, it does not appear that the talesmen objected to, for the reason that the sheriff had selected them from a list furnished him by the clerk of the court, were for any other reason disqualified to serve. The mere fact that the sheriff, in his effort to procure a sufficient number of qualified talesmen to complete the panel, applied to the clerk for, or received ·from him, either a partial or complete list of qualified jurors, and from this list *himself* selected (without apparent suggestion or dictation from the clerk or any other person) jurors whose names appeared· thereon, and who, so far as appears, chanced to be present in the court-house as casual bystanders, can not be a sufficient ground for challenge. While the picking of jurors to suit particular cases, in deference to public sentiment, or on account of the preference that the officer selecting the jurors may entertain as to the conviction or acquittal of the accused, can not, of course, be too strongly disapproved, yet after all, if the selection be made from those present in the court-house at the time it becomes necessary to fill the panel by summoning talesmen who are legally qualified to serve, it is for the officer charged with the duty of filling the panel to determine what particular qualified persons present shall be selected; and in this case it must be assumed, since nothing appears to the contrary, that the officer was prompted by proper motives in choosing the talesmen objected to.

3. The court did not err in excluding testimony of several witnesses to the effect that they had frequently visited the defendant's place of business, and that from their observation it was their opinion that he was not conducting a "blind-tiger," or sell-

ing liquor at his restaurant. No comment on the various grounds of the motion for a new trial complaining of the rejection of testimony of this character is necessary.

4. The remaining grounds of the motion for a new trial merely amplify the general grounds, and it is enough to say that a jury of the vicinage, who heard the testimony of the witnesses for the State and perhaps were acquainted with the defendant, and who heard his statement denying his guilt, acting under their oaths, found him guilty. This court is not a court for reviewing findings of fact, where there is some evidence to sustain the verdict; and hence we can have no proper concern with the question whether the defendant is a man of good or bad character, or whether the witnesses be paid informers, criminals of the lowest type, or men of the highest reputation. The evidence for the State authorized the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. George and Luke, JJ., concur.*