### 29422. KING *v.* THE STATE.

DECIDED FEBRUARY 25, 1942. REHEARING DENIED MARCH 24, 1942.

*Victor K. Meador, Samuel H. Wilds,* for plaintiff in error.

*Bond Almand,* solicitor, *John A. Boykin,* solicitor-general, *Durwood T. Pye,* contra.

GARDNER, J. The indictment, based on six counts, was transferred to the criminal court of Fulton County for disposition. Counts 1, 2, 3, and 4 charged the defendant with using without provocation, to and in the presence of named persons, obscene, vulgar, and profane language and opprobrious words tending to cause a breach of the peace. Counts 5 and 6 charged that the defendant did, wilfully and falsely utter and circulate defamatory words and statements derogatory to the fair fame and reputation for virtue of certain named virtuous females.

Before pleading to the merits the defendant moved to quash the indictment because of a misjoinder of offenses, the offenses charged in the first four counts being of a nature different from the offenses charged in counts 5 and 6. The court overruled the motion and the defendant excepted.

The State introduced evidence tending to establish each of the counts. At the conclusion of the State's evidence the solicitor-

general abandoned counts 1, 4, 5, and 6. The defendant introduced evidence on the remaining counts, 2 and 3. The jury returned a verdict against the defendant on these counts. A petition for certiorari was sanctioned. At the hearing the court dismissed the certiorari. The defendant bases her contentions for reversal, in brief, on 7 grounds: (1) Was the evidence of telephone conversations had between the witnesses and the accused, as testified to by the witnesses, admissible? (2) If the alleged conversations were themselves admissible, was the proper foundation laid for their introduction? (3) Was there a misjoinder of counts in the indictment? (4) Was lack of provocation sufficiently proved? (5) Should the court, without request by counsel for the defendant, have charged the jury that all testimony except that bearing on counts 2 and 3 should not be considered? (6) Was the venue proved? (7) Was the verdict supported by the evidence?

We see nothing to be gained by setting out the evidence in detail or entering into a detailed and lengthy discussion of the contentions of the plaintiff in error. As to the first contention, the evidence of the telephone conversation met all legal requirements to render it admissible, in so far as counts 2 and 3 are concerned. As to the second contention, a proper foundation was laid for the admission of the telephone conversation, as such conversation related to counts 2 and 3. Regarding contention 3, conceding but not deciding that the motion to quash was meritorious, this question became moot when the State abandoned counts 5 and 6. Regarding contention 4, this was a jury question; there was no error in the ruling of the court with reference to the admission of testimony on this point, and the charge of the court as to this feature was fair and full and the jury resolved this issue against the defendant. Concerning contention 5, in the absence of a written request, the charge of the court was sufficient to confine the testimony to the counts submitted to the jury. As to contention 6, the venue was sufficiently proved. As to contention 7, the evidence supported the verdict.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*