31665.   STONE *v.* THE STATE.

DECIDED NOVEMBER 1, 1947.

*Thomas A. Jacobs Jr.,* for plaintiff in error.

*O. L. Long, Solicitor,* contra.

MacINTYRE, P. J. 1. The defendant's demurrer to the accusation contains nine grounds. Grounds one and six attack counts one and five of the accusation, and in grounds two and seven of the demurrer the defendant complains of a misjoinder of offenses in that count one of the accusation charges the defendant with a violation of Code, § 26-5801, and counts two, three, four, and five charge a violation of Code, §§ 26-6203 and 26-6204. Since the State abandoned counts one and five of the accusation, grounds one, two, six, and seven of the demurrer need not be considered. *Williams* v. *State,* 187 *Ga.* 415 (1 S. E. 2d, 27); *Ellis* v. *State,* 67 *Ga. App.* 821, 823 (21 S. E. 2d, 316); *King* v. *State,* 66 *Ga. App.* 732, 733 (19 S. E. 2d, 320).

2. Grounds three and five of the demurrer attack counts two and four of the accusation. The defendant maintains that the two counts are vague, uncertain, and indefinite in that he is unable to know what *other schemes and devices* are charged against him.

The act of 1943 (Ga. L. 1943, p. 568, 570), on which counts two and four of the accusation are based, provides: That any person who shall cause, induce, persuade, encourage, or procure by promise, threat, violence, or by any scheme or device, a female to become a prostitute or to become or remain an inmate of a house of .prostitution; or who shall induce, persuade, or encourage a female to come into or leave this State for the purpose of prostitution, or to become an inmate in a house of prostitution.

In *Minter* v. *State,* 104 *Ga.* 743, 748 (30 S. E. 989), where the defendant was charged with disturbing a religious worship "by cursing and using profane and obscene language, and by being intoxicated, and by fighting, and by loud talking, and by . . otherwise indecently acting, did interrupt and disturb a congregation of persons . . lawfully assembled for divine service," the court held that "the gist of the offense is

the disturbance of a congregation lawfully assembled for divine service; and the manner and means, or the particular acts, by which the disturbance of such congregation may be effected are set out in the statute; and a general allegation that the disturbance was caused by such acts is all that is necessary, without entering into details."

This decision quotes from Wharton Cr. Pl. & Pr., § 220, as follows: " 'On the general principles of common-law pleading, it may be said that it is sufficient to frame the indictment in the words of the statute, in all cases where the statute so far individuates the offense that the offender has proper notice, from the mere adoption of the statutory terms, what the offense he is to be tried for really is.' "

In *Dowda v. State*, 74 *Ga.* 12, the indictment was for kidnapping and charged that the accused "did maliciously and fraudulently lead, take, carry away, decoy, entice away one Sarah Frances Ragsdale, she being a child under eighteen years of age." The defendant demurred on the ground that the indictment did not show by what means the said Sarah Frances Ragsdale was decoyed and enticed away by the defendant. The trial court overruled the demurrer, and the Supreme Court sustained this ruling.

" 'Every indictment or accusation . . shall be sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury.' Code, § 27-701. This means that an indictment conforming substantially to the requirements of this section will be sufficient, but it is not designed to deny to the accused the right to know enough of the particular facts constituting the alleged offense to enable him to prepare for trial." *Mell v. State*, 69 *Ga. App.* 302, 303 (25 S. E. 2d, 142). The Supreme Court, in referring to such a rule, has stated: "An indictment which charges the offense defined by a legislative act in the language of the act, where the description of the acts alleged as constituting the offense is full enough to put the defendant on notice of the offense with which he is charged, is sufficiently specific." *Glover v. State*, 126 *Ga.* 594 (1) (55 S. E. 592).

" 'In Cannady *v.* People, 17 Ill. 158, it was said: "Where statutes create offenses, indictments should contain proper and

sufficient averments to show a violation of the law. . . Great niceties and strictness in pleading should only be countenanced and supported when it is apparent that the defendant may be surprised on the trial, or unable to meet the charge or make preparation for his defense for want of greater certainty or particularity in the charge. Beyond this, it tends more to the evasion than the investigation of the charge, and becomes rather a means of escaping punishment for crime than of defense against the accusation." ' " *Hall* v. *State,* 47 *Ga. App.* 833, 835 (171 S. E. 727).

The terms of the statute in question upon which the present accusation is founded so distinctly individuate the offense which it defines that the use of such terms in charging such offense in the accusation is sufficiently specific to put the defendant on notice of the offense with which he is charged and thus enable him to prepare his defense.

In the instant case the gist of the offense alleged is the causing, inducing, persuading, encouraging, or procuring a named female to become a prostitute or to become or remain an inmate of a house of prostitution, and the manner and means, or particular acts by which the procurement, etc., may be effected are set out in the statutes; a general allegation that the procurement, etc., was caused by such alleged acts is all that is necessary without entering into details. *Minter* v. *State,* supra; *Richter* v. *State,* 4 *Ga. App.* 274 (2) (61 S. E. 147); *Hall* v. *State,* 47 *Ga. App.* 833 (171 S. E. 727); *Woody* v. *State,* 113 *Ga.* 927 (39 S. E. 297); *Eaves* v. *State,* 113 *Ga.* 749, 757 (39 S. E. 318).

Thus, the trial judge did not err in overruling grounds three and five of the defendant's demurrer which relate to counts two and four of the accusation.

3. In ground four of his demurrer the defendant contends that count three is too vague and indefinite. This ground is not meritorious for the reasons stated in the preceding division of this opinion. He contends further that the count here in question is an attempt to split the offense charged in count two into two offenses. This ground is not meritorious for the reason that count three, brought under sec. 1, Ga. L. 1943, p. 568, and referred to in the Code (Ann. Supp.), § 26-6203, is in the language of that section. Count two was brought under sec. 2 of such act, re-

ferred to in the Code (Ann. Supp.), § 26-6204, and is in the language of that section. The two sections of the Code are separate and distinct and prohibit entirely separate and distinct acts.

4. In ground eight of his demurrer the defendant contends that the offenses charged in counts two, three, and four are offenses which require an indictment by the grand jury.

The defendant maintains by argument that the offenses set out in Code §§ 26-6203 and 26-6204, are in reality felony offenses with a misdemeanor punishment authorized for the first violation of § 26-6204, and for the first and second violation of § 26-6203.

Code § 26-6204 provides in part: "shall upon conviction for the first offense under this law [§§ 26-6203 to 26-6207] be punished as for a misdemeanor and upon conviction for any subsequent offense thereunder shall be punished as for a felony by imprisonment in the penitentiary for a period of not less than one year nor more than three years."

Code § 26-6203 provides in part: "shall, upon conviction for the first offense and/or second offense under this law [§§ 26-6203 to 26-6207], be punished as for a misdemeanor and upon conviction for any subsequent offense thereunder shall be punished as for a felony and by imprisonment for not less than one year nor more than three years."

Insofar as the record shows, the defendant was convicted for the first time of violating Code §§ 26-6203 and 26-6204. Each violation of such sections is a separate misdemeanor, and, upon conviction for the first time under this law, the defendant should be punished as for a misdemeanor. The City Court of Macon has authority to try a defendant upon an accusation drawn under this statute for the first offense.

5. In ground nine of his demurrer the defendant contends that counts two, three and four charge only one offense, that the State has divided the offense into three offenses, and has undertaken to impose a punishment under each count.

Count two of the accusation expressly charges a misdemeanor, for that the defendant did unlawfully cause, induce, persuade and encourage, by promise and other schemes and devices, Leottice Stowe, a female, to become a prostitute and remain an in-

mate in a house of prostitution and did give money and other things of value for procuring and attempting to procure the said Leottice Stowe, a female, to become a prostitute and inmate of a house of prostitution. Count three expressly charges that the defendant committed a misdemeanor, for that he did engage in prostitution and assignation with Leottice Stowe, a female, and did enter and remain in a house and other structure for the purpose of prostitution and assignation with the said Leottice Stowe.

A violation of the provisions of secs. 1 and 2 of the act of 1943 (Ga. L. 1943, p. 568; Code (Ann. Supp.) §§ 26-6203 and 26-6204), relative to prostitutes and prostitution, constitutes two distinct offenses. Count two alleges a violation of § 26-6204, and count three alleges a violation of § 26-6203. The two offenses thus charged are kindred offenses and are not repugnant to each other. Count four further charges the accused with a misdemeanor and is the same as count two except that the female named therein is not Leottice Stowe but Evelyn Pritchett.

This being true, it follows that count two and count four are particularized and differentiated from each other in that in each the defendant caused, induced, persuaded and encouraged, by promise and by other schemes and devices, a *different* female to become a prostitute and remain an inmate in a house of prostitution and did give money and other things of value for procuring and attempting to procure the said females to become prostitutes and inmates of a house of prostitution.

From what has been said above, it necessarily follows that count four, which referred to one female, alleges a separate and distinct offense from counts two and three, which referred to another female. *Hall* v. *State,* 8 *Ga. App.* 747 (70 S. E. 211); *Tooke* v. *State,* 4 *Ga. App.* 495 (61 S. E. 917).

6. Grounds one, two, three, four, and five of the defendant's motion for new trial as amended relate to the same objection. The defendant contends that the court erred in admitting evidence as to the reputation of the house and the woman who ran the house.

Code §§ 26-6203 and 26-6204, here in question, come within the provisions of § 26-6206, which is as follows: "In the trial of any person, charged with a violation of any of the provisions of this law [§§ 26-6203 to 26-6207] testimony concerning

the reputation or character of any house, place, building, tourist camp, or other structure, and of the person or persons who reside in or frequent same, and of the defendant or defendants, shall be admissible in evidence in support of a charge thereunder."

We are of the opinion that the instant case is one where the allegata and probata bring into issue the character of the house or place and of the person who resided therein. The trial judge did not err in following the provisions of the statute and admitting the evidence as to the reputation of the house and the woman who ran the house. *Elder* v. *Stark,* 200 *Ga.* 452 (37 S. E. 2d, 598) ; *Martin* v. *State,* 62 *Ga. App.* 902 (10 S. E. 2d, 254).

7. In special grounds six, seven, and eight, the defendant contends that the court erred in refusing to allow him to prove that the witnesses placed their children in a nursery conducted by Mrs. Price at the house in question; that they visited the house frequently; that they always found it clean and properly kept; that they never saw the defendant there; and that there was no indication of lewdness.

In *Henry* v. *State,* 20 *Ga. App.* 742 (3) (93 S. E. 311), it is said: "The court did not err in excluding negative testimony to the effect that certain witnesses were acquainted with the defendant, had visited his place of business frequently, and from their knowledge of him and his business did not believe he was guilty of the offense charged against him."

We think the court properly excluded such negative evidence offered.

8. At the conclusion of the evidence for the State, the defendant moved the court to require the State to elect the count on which it would proceed. The court overruled the motion, but the State withdrew counts one and five, and counts two, three, and four were submitted to the jury. In special ground nine the defendant contends that the court erred in not requiring the State to elect the count on which it would proceed.

In division five of this opinion we determined that the accusation, in counts two, three, and four, charged the defendant with three separate and distinct offenses, and not merely one offense divided into three offenses. The trial judge did not err in refusing to require the State to elect the count on which it would proceed.

The case of *Day* v. *State*, 70 *Ga. App.* 819 (29 S. E. 2d, 659), is distinguished by its facts from the instant case and is not authority for the contention of the defendant.

9. In grounds ten and eleven, the defendant asserts that the act of 1943 (Ga. L. 1943, p. 568), on which the accusation is based, is unconstitutional. In *Stone* v. *State*, 202 *Ga.* 203 (42 S. E. 2d, 727), the Supreme Court held that the constitutional question was not properly raised and would not be considered; accordingly, the case was transferred to this court. The other contentions urged by the defendant in these grounds are controlled by the rulings in division six of this opinion.

10. In ground twelve the defendant complains that one of the witnesses, Evelyn Pritchett, was allowed to testify as to statements made to her by Mrs. Price, the keeper of the house of prostitution in which Evelyn Pritchett lived, in the absence of the defendant, to the effect that she was a fool for not taking money from the accused, and that she did not treat him nice enough and did not kiss him good-bye and good morning.

We are of the opinion that the evidence shows a conspiracy between Mrs. Price and the defendant and that the act of each done in pursuance and furtherance of the conspiracy was, in legal contemplation, the act of the other.

Where a conspiracy is shown between two persons to commit an unlawful act, acts and declarations of one of them during the pendency of the criminal enterprise are admissible against all. *Kirksey* v. *State*, 11 *Ga. App.* 142 (2) (74 S. E. 902) ; *Smith* v. *State*, 47 *Ga. App.* 797, 802 (171 S. E. 578).

It was not error to admit the testimony of the witness, Evelyn Pritchett.

11. In ground thirteen the defendant assigns as error the failure of the trial judge to define "other scheme or device" in his charge. We think this was not error. See division two of this opinion.

12. In ground fourteen the defendant contends that the court did not fairly and fully state his contentions.

In *Faison* v. *State*, 13 *Ga. App.* 180 (1) (79 S. E. 39), it is said: "While it is the duty of a judge in the trial of a criminal case to state the contentions of both the State and the defendant, still, in the absence of a request for more definite instructions, a

statement by the court that the grand jury has returned an indictment against the defendant, charging him with the offense of murder, and that to this the defendant has filed a plea of not guilty, which makes the issue for them to try, sufficiently presents the issue."

"This court, in *Moore* v. *State*, 1 *Ga. App.* 502 . . stated: 'A trial judge must correctly and fairly present to the jury the contentions of the defendant if he attempts to state them, but he is not required to denominate reasons which would authorize a jury to acquit the defendant, and which, as matters of law, are fairly presented in his instructions to the jury, as contentions of the defendant.' In *Wilensky* v. *State*, 15 *Ga. App.* 360 (2) (83 S. E. 276), it is stated: 'While it is the duty of a judge in the trial of a criminal case to state the contentions of both the State and the defendant, still, in the absence of a request for more definite instructions, a statement by the court that the grand jury has returned an indictment against the defendant, charging him with the offense . . [stated by the court], and that to this the defendant has filed a plea of not guilty, which makes the issue for them to try, sufficiently presents the issue.' In *Southern Cotton Oil Co.* v. *Thomas*, 155 *Ga.* 99 (4) (117 S. E. 456), the Supreme Court held: 'In charging the jury the trial judge is not required, especially in the absence of a timely and appropriate written request, to call the attention of the jury to each particular contention of the contesting parties which may be developed by the evidence.' " *Jefferson* v. *State*, 74 *Ga. App.* 232, 234 (39 S. E. 2d, 453).

Applying these rules to the instant case, this ground is not meritorious.

13. In grounds fifteen and sixteen of his motion for new trial the defendant contends that the court erred in admitting the testimony of Officers Robertson and Waldron which relates to the statements of Mrs. Price made in the presence of the defendant.

Count one of the accusation charged the defendant with adultery and fornication. The defendant confessed to this offense. The officers brought Stone to a conference room and later brought Louise Price to the same room. In the presence of each other the officers asked them questions relative to this offense. The

defendant again stated that he had had carnal knowledge of Louise Price three times; Louise Price then stated, "Well, let's say one time."

The exception in this ground is not to the confession of Jim Stone, the defendant, but is to the testimony of the officers relative to what Mrs. Price said in this conversation. The defendant contends that what Mrs. Price said in the conversation was not freely and voluntarily made and that the evidence raised some issue on this question.

Be that as it may, since count one of the accusation was abandoned by the State, and the defendant was found guilty on counts two, three, and four only, this was tantamount to an acquittal on count one, and testimony relative to count one was not harmful to the defendant.

The trial judge did not err in overruling the defendant's motion for new trial as amended.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*