46278.   PARKER v. THE STATE.

DEEN, Judge. 1. *Code Ann.* § 79A-9916 (Ga. L. 1970, pp. 462, 463) amends "Code Chapter 79A-9" which was originally enacted by Ga. L. 1967, pp. 296, 343 et seq. and entitled the Georgia Drug Abuse Control Act. Chapter 8 of the same law (Ga. L. 1967, pp. 296, 325 et seq.) was entitled the "Uniform Narcotic Drug Act." Possession of Lysergic Acid Diethylamid (LSD), which is made a felony under *Code Ann.* § 79A-9916 is, accordingly, technically a violation of Chapter 9 (Drug Abuse Control Act) rather than Chapter 8 (Uniform Narcotic Drug Act) and to this extent the indictment charging the defendant with a violation of the Uniform Narcotic Drug Act in that he possessed LSD on a given date is inaccurate. To this extent also it varies from the affidavit supporting the arrest warrant. This does not, however, vitiate the indictment, where from the *facts* stated it is clear that the charge is illegal possession of LSD. *Allen v. State,* 120 Ga. App. 533, 534 (171 SE2d 380): "The name of the offense is not material because the indictment need not name the crime

318

by a specific name." The demurrer to the indictment and motion in arrest of judgment were properly overruled.

2. The motion to suppress is based on various alleged inaccuracies in the search warrant and its supporting affidavit. Since neither is in evidence, these grounds present nothing for decision by this court. From the testimony offered on the motion, it appears that the point being made is that the facts stated in the affidavit supporting the search warrant contained statements not authorized by the officer's actual sources of information at the time the affidavit was made. Such fact, however, unless known to the issuing magistrate, does not render the warrant void although it may expose the affiant to a charge of false swearing. The issue is whether the facts stated in the warrant and to be taken as true by the magistrate constitute a sufficient showing of probable cause. *Wood v. State*, 118 Ga. App. 477 (164 SE2d 233).

3. The defendant's person and automobile were searched under authority of a warrant, and 91 tablets of LSD found in his pocket and introduced on the trial of the case. The evidence supported the verdict of guilty.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*
SUBMITTED JUNE 1, 1971—DECIDED JULY 8, 1971—
REHEARING DENIED JULY 26, 1971.

*H. T. Greenholtz, Jr.,* for appellant.
*Robert W. Reynolds, District Attorney,* for appellee.