49879. THE STATE v. PETTUS et al.

Stolz, Judge.

The defendants were indicted for the offense of "Violation of Georgia Drug Abuse Control Act for that said accused, in the County of Richmond and State of Georgia, on the 18th day of November, 1973, unlawfully with force and arms, did unlawfully possess and have under their control glutethimide in violation of Georgia Drug Abuse Control Act, contrary to the laws of said State; the good order, peace and dignity thereof."

To this indictment the defendants interposed a general demurrer as follows: "Come Now Debbie Virginia Pettus & Brian Erwin Sanders, the Defendants named in Indictment No. 108 and demurs [sic] generally to said indictment because the same is fatally defective in that it fails to charge any crime under the laws of Georgia. The indictment merely charges defendants with having in their possession and under their control glutethimide without any language describing that substance to be a depressant, stimulant or hallucinogenic drug, and with no language to relate glutethimide to any barbiturate, barbituric acid or salt or to any other derivative of any substance or drug prohibited by law. Whereas, the mere possession of glutethimide has never been prohibited as such by statute."

The state appeals from the judgment sustaining this demurrer.

1. Code Ann. § 79A-904 (c) (Ga. L. 1967, pp. 296, 346) prohibits the possession of any drug in violation of § 79A-907 (c) (Ga. L. 1967, pp. 296, 349). § 79A-907 (c) provides that no person shall possess any "depressant or stimulant" drug, with certain exceptions not here applicable. § 79A-903 (b 4) (Ga. L. 1967, pp. 296, 344; 1970, pp. 470, 471) defines "depressant or stimulant drug"

as, inter alia: "Any substance which the State Board [of Pharmacy] shall determine to be habit-forming because of its stimulant effect on the central nervous system or any drug which the State Board shall determine to contain any quantity of a substance having a potential for abuse because of its depressant or stimulant effect on the central nervous system or its hallucinogenic effect . . ."

Pursuant to this authority and its general rule-making authority (Code Ann. § 79A-208 (Ga. L. 1967, pp. 296, 304); Code Ann. § 79A-909 (Ga. L. 1967, pp. 296, 354)), the Georgia State Board of Pharmacy duly promulgated Rule No. 480-9-.01 (2) (3) (iii), which classifies the substance glutethimide (Doriden) as a "depressant or stimulant" drug within the purview of § 79A-903 (b 4), supra.

Code Ann. § 79A-9915 (a) (Ga. L. 1967, pp. 296, 377) provides: "Any person who shall violate any of the provisions of Chapter 79A-9 relating to depressant and stimulant drugs and counterfeit drugs *or the rules and regulations promulgated thereunder* shall be guilty of a felony . . ." (Emphasis supplied.) Therefore, the allegation of the unlawful possession of glutethimide alleged the violation of a rule promulgated under the provisions of Ch. 79A-9 relating to depressant and stimulant drugs, which constitutes a felony.

2. The indictment was not insufficient because it failed to refer to the specific statutes and the state board's rule hereinabove set out. "It is not necessary that an indictment state the statute on which it is based. *Lee v. State,* 184 Ga. 327(2) (191 SE 256)." *DeFreese v. State,* 232 Ga. 739, 743 (208 SE2d 832). See also *Abel v. State,* 64 Ga. App. 448 (6) (13 SE2d 507); *Curtis v. State,* 80 Ga. App. 244 (1b) (55 SE2d 758); *Parker v. State,* 124 Ga. App. 317 (1) (183 SE2d 612). The indictment as drawn conformed substantially to the requirements of Code § 27-701, putting the defendants on notice of the offense with which they were charged. See *Stone v. State,* 76 Ga. App. 96, 98 (45 SE2d 89) and cits.; *Green v. State,* 124 Ga. App. 469, 470 (184 SE2d 194) and cits.; *Durden v. State,* 152 Ga. 441 (1) (110 SE 283).

3. Even if the general demurrer had raised the issue of the constitutionality of Code Ann. §§ 79A-903 (b 4) and

79A-9915 (a), supra, this court would not have jurisdiction to decide such issue. *Burke v. State,* 205 Ga. 520 (54 SE2d 348). (This case was transferred to this court by the Supreme Court of Georgia.) The issue of the constitutionality of the application of these statutes was not raised in the trial court, hence cannot be ruled on.

Therefore, the trial judge erred in his judgment sustaining the general demurrer to the indictment.

*Judgment reversed. Deen, P. J., and Marshall, J., concur.*

ARGUED NOVEMBER 7, 1974 — DECIDED DECEMBER 4, 1974 — REHEARING DENIED DECEMBER 19, 1974 — ■

*Richard E. Allen, District Attorney, Sam B. Sibley, Jr., Assistant District Attorney,* for appellant.

*Oliver K. Mixon, Terrance P. Leiden,* for appellees.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Don A. Langham, Timothy J. Sweeney, Hal Roach, Jr., Assistant Attorneys General,* amicus curiae.