## A91A0970. FREEMAN v. THE STATE.
### (410 SE2d 749)

SOGNIER, Chief Judge.

Marty Raby Freeman was convicted of selling methamphetamine to an undercover agent. He appeals from the denial of his motion for new trial.

1. The indictment charged appellant with "the offense of VIOLATION GEORGIA CONTROLLED SUBSTANCES ACT, for that [appellant] in the County of Clayton and State of Georgia, on the 7th day of December, 1988, did unlawfully sell to [the agent] METHAMPHETAMINE, in violation of Schedule II of the Georgia Controlled Substances Act." Appellant contends the trial court should have granted his demurrer to this indictment because Schedule II of the Georgia Controlled Substances Act, OCGA § 16-13-20 et seq. (hereinafter "GCSA"), does not prohibit any act or make any conduct illegal, and thus the indictment charged no crime.

"An indictment substantially in the language of the Code is sufficient in form and substance. . . . [T]he true test of the sufficiency of the indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." (Citations and punctuation omitted.) *Moran v. State*, 170 Ga. App. 837, 841-842 (2) (318 SE2d 716) (1984). OCGA § 16-13-30 (b) provides that "it is unlawful for any person to manufacture, deliver, distribute, . . . [or] sell . . . any controlled substance," and paragraphs (d), (f), and (h) of this Code section specify the punish-

ments to be imposed for violation of paragraph (b), with the severity of the punishment depending on whether the controlled substance is a narcotic drug and whether it is listed in Schedules I, II, III, IV, or V of the GCSA (OCGA §§ 16-13-25 — 16-13-29). Methamphetamine is listed in Schedule II. OCGA § 16-13-26 (3) (B).

We hold the indictment at issue was sufficient in form and substance because it contained the elements of the charged crime of sale of a controlled substance as defined in OCGA § 16-13-30 (b); it spelled out the details of the alleged criminal act with sufficient certainty to apprise appellant of the proof he must have been prepared to meet; and it was phrased in substantially the language of OCGA § 16-13-30 (b). See *Moran*, supra at 842 (2); see also OCGA § 17-7-54 (a). Although the indictment technically was partly inaccurate in that the State was required to prove that appellant *sold* a Schedule II drug in violation of OCGA § 16-13-30 (b), not that he *violated* Schedule II, this inaccuracy does not invalidate the indictment because the facts stated in the indictment clearly indicate that the charged crime is unlawful sale of methamphetamine, a Schedule II drug, to an undercover agent. *Parker v. State*, 124 Ga. App. 317 (183 SE2d 612) (1971); accord *State v. Pettus*, 133 Ga. App. 622-623 (1, 2) (212 SE2d 9) (1974). In addition, since the law does not require that an indictment state the statute on which it is based, the fact that the instant indictment alleged a violation of Schedule II of the GCSA (OCGA § 16-13-26) rather than OCGA § 16-13-30 (b) is not material. *Parker*, supra at 317-318.

2. Similarly, we find no fatal variance between the allegata and the probata. Because a "violation of Schedule II of the [GCSA]" is not an element of the charged crime of violation of OCGA § 16-13-30 (b), and the reference to Schedule II was not required by OCGA § 17-7-54 (a) to be made a part of the indictment, the allegation concerning Schedule II is mere surplusage and may be disregarded. *Anderson v. State*, 149 Ga. App. 460 (1) (254 SE2d 459) (1979). Contrary to appellant's argument, the reference to Schedule II was not an unnecessarily minute description of a necessary fact, which must be proved, but instead was an unnecessary description of an unnecessary fact, which need not be proved, because the State was not required to prove a "violation of Schedule II" in order to convict appellant of the charged crime. See *McHugh v. State*, 136 Ga. App. 57 (220 SE2d 69) (1975).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED SEPTEMBER 17, 1991 —

*Michael R. Hauptman*, for appellant.

*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.