## A91A1986. WILKEY v. THE STATE.
(416 SE2d 350)

COOPER, Judge.

Appellant was convicted by a jury of selling cocaine. The trial court denied appellant's motion for directed verdict, and appellant enumerates this denial as error. Appellant also enumerates error in the court's charge to the jury.

Appellant argues that the court erred in denying his motion for directed verdict because the State offered no evidence to rebut appellant's affirmative defense of entrapment. The entrapment defense consists of the following three distinct elements: "(1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. [Cits.]" *Keaton v. State*, 253 Ga. 70, 72 (316 SE2d 452) (1984). At trial, appellant and the confidential informant, who was appellant's brother, both testified. Appellant testified that he has never used or sold drugs; that he does not keep drugs in his house; and that, except for a shoplifting arrest when he was 16, he has never been arrested or the subject of any criminal charge. Appellant stated that his brother called and asked him if he could obtain some cocaine from a local pool hall; that he refused repeated similar requests from his brother; that during one call his brother was upset and frantic and told him that the brother and his family had been threatened by "his man" because the brother could not supply the "man" with drugs and the brother had to come up with the drugs; that after that call, appel-

lant told his brother he would try to help him; that his brother and another man came to the house where he was staying to get the drugs; that appellant did not have the drugs at that time; that the other man threatened him; that appellant then went and purchased cocaine alone; and that the man and his brother returned and purchased the cocaine, reimbursing appellant for the money he had spent. Appellant further testified that his brother contacted him the next day and requested more cocaine; that he did not want to comply; that the brother persuaded him to meet with the man once more to refer the man to the suppliers at the pool hall; and that the brother and the man returned to the house, and appellant had no drugs for them. Appellant's brother testified that he called appellant in an attempt to assist the police in an investigation of drug dealing at the pool hall; that appellant stated he did not want to be involved; that the police told him to feign trouble in order to gain appellant's cooperation, which he did; that he made many calls to appellant which he did not record; and that the police told him prior to his involvement that appellant would not get in trouble. The remainder of the informant's testimony was consistent with the testimony of appellant. The State presented the undercover officer's testimony who recounted the drug deal but who testified that he had never had any conversations with appellant; that everything was set up through the informant; that he did not listen to any of the conversations between the informant and appellant; and that he had no knowledge of what transpired between the informant and appellant prior to the drug transaction. The State attempted to impeach the informant's testimony and relied on the officer's description of the drug deal, but otherwise presented no evidence to rebut the defense of entrapment advanced by appellant and corroborated by appellant's brother, the informant.

The recent decision of the Georgia Supreme Court, *Hill v. State*, 261 Ga. 377 (405 SE2d 258) (1991), requires us to reverse. The following quote from *Hill* is directly applicable to the case sub judice: "After a defendant presents a prima facie case of entrapment, the burden is on the state to disprove entrapment beyond a reasonable doubt. That determination generally rests with the jury; however, where there is no conflict in the evidence, and all the evidence prior to the entrapment that is introduced, with all reasonable deductions and inferences, demands a verdict of acquittal, the trial judge must direct a verdict of acquittal. [Cit.] The government's burden is far greater than merely impeaching the accused, it 'must go further and contradict this witness' testimony as to the affirmative defense. [Cits.]' [Cit.] . . . The appellant's testimony, corroborated by the paid informant, established a prima facie case of entrapment. There was no evidence that prior to the appellant's entrapment he had a predisposition to deliver, sell, distribute, or knowingly possess cocaine. . . .

There was no testimony that conflicted with the appellant's and the paid informant's testimony regarding the circumstances surrounding the informant's solicitations. [Cit.] The state attempted to rebut the appellant's prima facie case with [the officer's] testimony; however, his testimony was not sufficient to meet the state's burden of proving that the appellant 'was ready and willing without persuasion and awaiting a propitious opportunity to commit the crime. [Cit.]' [Cits.] The state failed to introduce evidence to rebut the appellant's affirmative defense of entrapment; therefore, the appellant was entitled to a directed verdict of acquittal. [Cits.]" (Indention omitted.) *Hill*, supra at 377-378. See *Emanuel v. State*, 260 Ga. 425 (396 SE2d 225) (1990) (reversing *Emanuel v. State*, 195 Ga. App. 302 (393 SE2d 74) (1990)).

Following the holding in *Hill*, supra, we conclude that the court in the case sub judice erred in denying appellant's motion for a directed verdict. Therefore, we need not address appellant's remaining enumerations of error.

*Judgment reversed. Birdsong, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 19, 1992.

*W. Jason Uchitel*, for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.