## A93A1787. GIBSON v. THE STATE.
(441 SE2d 803)

POPE, Chief Judge.

Following denial of his motion for new trial, defendant Major Gibson appeals from his convictions and sentence for conspiracy to traffic in cocaine, criminal attempt to traffic in cocaine, violation of the Georgia Controlled Substances Act by having cocaine in his possession, and being a habitual felon.

In his sole enumeration of error, defendant argues the trial court erred in denying his motion for new trial because there was insufficient evidence to support his conviction. At trial defendant's only defense was entrapment. Construing the evidence in the light most favorable to support the verdict, the evidence shows that defendant and the State's informer met while in prison. Both testified that while on a work detail they had a conversation concerning drugs, although their recollection of the conversation varied. Defendant gave the in-

former his telephone number and the informer called defendant shortly after he was released from prison. The informer testified that defendant inquired if the informer could get him cocaine. The informer told him that he could, although his only intention at that point was to sell him fake cocaine and take his money. Defendant then called the informer back and told him he did not want the cocaine yet and when he was ready for it, he would call the informer. It was only after the informer had these initial conversations with defendant that he contacted the Dalton Police Department and told them about his discussions with defendant. An agreement was reached that he would work as a police informer on this deal in exchange for a portion of the purchase money.

Thereafter defendant called the informer and said he was ready to go forward with the cocaine deal. The informer let his police contact know defendant had contacted him and afterwards all conversations between the defendant, the informer and the police contact, who defendant believed to be a drug dealer, were taped with one exception. On the designated day, defendant and several accomplices arrived at the designated spot to complete the transaction but with less money than had been discussed, so the quantity to be sold was adjusted to only a half kilo. The police contact posed as the drug dealer, and defendant and his accomplices were arrested after they gave the police officer the purchase money and received what they believed to be a half kilo of cocaine. Although the police officer did not have personal knowledge of the conversations that took place between the informer and defendant before the informer contacted him, he and the informer consistently testified concerning what happened after the informer contacted him about the deal.

Defendant argues our decision in *Wilkey v. State*, 203 Ga. App. 1 (416 SE2d 350) (1992) requires reversal of his convictions because in both cases the evidence demanded a finding of entrapment. We disagree. As we noted in *Wilkey*, the entrapment defense consists of three elements: " '(1) [T]he idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. (Cits.)' [Cit.]" Id. at 1. Once the defendant presents a prima facie case of entrapment, the burden shifts to the State to disprove entrapment beyond a reasonable doubt. *Hill v. State*, 261 Ga. 377 (405 SE2d 258) (1991). That determination generally rests with the jury and only when there is no conflict in the evidence and all evidence demands a finding of entrapment must the trial judge direct a verdict of acquittal. Id. at 377.

In both *Hill* and *Wilkey*, the informer's testimony corroborated the defendant's and demanded a finding of entrapment. In this case the informer and the police officer involved in the deal corroborated

the testimony of each other concerning what happened after the informer went to the police. There was no dispute that the informer initially called defendant; however, there was conflicting testimony concerning who brought up the subject of a cocaine deal during that conversation. Although the defendant disputed the informer's testimony concerning what happened before the police officer was brought into the deal, matters of credibility are strictly within the province of the jury and this court will not substitute its judgment for that of the jury. *Browning v. State*, 207 Ga. App. 547, 548 (1) (428 SE2d 441) (1993). The jury was authorized to accept the testimony of the police officer and the informer, even though the latter was an admitted con man, and reject the testimony of defendant. Sufficient evidence was presented from which the jury could find the State met its burden of disproving entrapment beyond a reasonable doubt. *Smith v. State*, 206 Ga. App. 138 (424 SE2d 371) (1992).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 23, 1993 —
RECONSIDERATION DENIED MARCH 8, 1994.

*J. Tracy Ward*, for appellant.

*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney*, for appellee.