## A94A1629. FINLEY v. THE STATE.
(448 SE2d 78)

ANDREWS, Judge.

Finley appeals from the judgment entered on his jury conviction for the offense of selling cocaine in violation of OCGA § 16-13-30 (b).

1. Finley claims the trial court erroneously denied his motion for a directed verdict of acquittal made after the close of evidence in the case on the basis that the State failed to rebut his prima facie showing of entrapment.

Under OCGA § 16-3-25 "[a] person is not guilty of a crime if, by entrapment, his conduct is induced or solicited by a government officer or employee, or agent of either, for the purpose of obtaining evidence to be used in prosecuting the person for the commission of the crime. Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer." A defendant presents a prima facie case of entrapment by admitting the commission of the crime and presenting evidence in support of three distinct elements: "(1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime." *Keaton v. State*, 253 Ga. 70, 72 (316 SE2d 452) (1984). "Once

the defendant presents a prima facie case of entrapment, the burden shifts to the State to disprove entrapment beyond a reasonable doubt. [Cit.] That determination generally rests with the jury and only when there is no conflict in the evidence and all evidence demands a finding of entrapment must the trial judge direct a verdict of acquittal. [Cit.]" *Gibson v. State*, 212 Ga. App. 301, 302 (441 SE2d 803) (1994).

The State presented evidence that as a result of a GBI undercover investigation and information obtained from a confidential informant, the GBI had reason to believe that Finley's son was selling cocaine. Accompanied by an informant who knew Finley and his son, an undercover GBI agent went to Finley's residence, where Finley's son also resided. Upon their arrival, Finley told the informant that his son was not home. The GBI agent testified that the informant introduced him to Finley, who at the time was in the process of lighting a smoking device for use with cocaine. The agent testified that Finley asked him, "What are you looking for?" and the agent responded, "I'm looking for a couple of slabs," which the agent testified was a slang term for crack cocaine. Finley said he did not have a couple of slabs but he produced a small plastic bag of cocaine. When the agent asked him if he would be willing to sell the bag of cocaine, Finley weighed it on scales located on a nearby coffee table and determined that the bag weighed 1.3 grams. The agent asked Finley how much he wanted for the cocaine and Finley replied that he wanted $110. The GBI agent testified that he offered $100 and Finley accepted and sold him the cocaine. The informant, who was also present during the sale, did not testify at the trial.

Finley testified and admitted possessing cocaine and selling it to the undercover agent. He testified that, although he used cocaine, he had never sold it before this incident. He claimed that the informant suggested he sell the cocaine in his possession and that, in response to this suggestion, he told the informant and the agent that he did not sell cocaine but only kept it for his own use. Finley further testified that the State's informant, who had befriended him for several months and had purchased cocaine from his son, not only suggested the sale but also induced him by undue persuasion to sell the cocaine to the undercover agent.

Although Finley's testimony provided evidence of entrapment, this evidence was rebutted by other evidence, including the testimony given by the GBI agent who purchased the cocaine, that Finley was predisposed to commit the crime and willingly cooperated in the sale. Although Finley contends that, without the testimony of the informant, the State failed to rebut the evidence of entrapment, there is no *"per se* rule that a defendant is entitled to a directed verdict where the informant is not called to rebut the defendant's testimony of entrapment. A distinction must be made between evidence which

raises a defense of entrapment and which would require that the jury be charged as to the law of entrapment and the burden of proof thereon, and evidence which, under the standards set out in [OCGA § 17-9-1], would *demand* a finding of entrapment and, therefore, a directed verdict of acquittal." (Footnote omitted; emphasis supplied.) *State v. Royal*, 247 Ga. 309, 310 (275 SE2d 646) (1981); *Timberlake v. State*, 200 Ga. App. 64, 68 (406 SE2d 537) (1991). Since the evidence in this case did not demand a finding of entrapment, the trial court properly denied Finley's motion for a directed verdict of acquittal and allowed the jury to resolve the issue. *Gibson*, supra at 302-303; *Evans v. State*, 209 Ga. App. 340, 341 (433 SE2d 426) (1993); *Seabrooks v. State*, 164 Ga. App. 747 (297 SE2d 745) (1982); compare *Wilkey v. State*, 203 Ga. App. 1 (416 SE2d 350) (1992).

2. The trial court gave the charge on entrapment contained in Vol. II, Suggested Pattern Jury Instructions published by the Council of Superior Court Judges and added two charges stating: "Repeated requests by an officer or agent for contraband goods does not constitute undue persuasion. Entrapment is seduction or improper inducement to commit a crime and is not merely testing by trap, trickiness, or deceit of one who is suspected."

Finley contends that the first of the added charges, although a correct statement of law, was misleading and burden-shifting and that the second charge was misleading and inaccurate. The additional charges were correct legal statements (see *Evans*, supra at 341; *Jordan v. State*, 211 Ga. App. 86, 93 (438 SE2d 371) (1993)), and the charge on entrapment as a whole fully and accurately informed the jury of the elements of the entrapment defense. Id. at 93. There was no error.

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED AUGUST 17, 1994.

*Anthony E. Cheatham*, for appellant.
*Stephen F. Lanier, District Attorney, Tambra P. Colston, Assistant District Attorney*, for appellee.