A98A0433. WRIGHT v. THE STATE.
(501 SE2d 543)

JOHNSON, Judge.

A jury found John Wright guilty of selling cocaine. He appeals from the conviction entered on the verdict and the denial of his motion for new trial.

1. Wright claims that the trial court erred in denying his motion for new trial when the state failed to rebut his prima facie case of entrapment. We disagree.

"Three distinct elements embody the entrapment defense under OCGA § 16-3-25: (1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. If the defendant presents a prima facie case of entrapment, the burden shifts to the State to disprove the defense beyond a reasonable doubt as one of the elements of the crime." (Citations and punctuation omitted.) *Brooks v. State*, 224 Ga. App. 829, 830 (1) (482 SE2d 725) (1997).

Viewed in a light most favorable to the verdict, the evidence shows: A confidential informant told an undercover narcotics agent that he could buy cocaine from a man named Donald Perkins. The agent and the informant met with Perkins in a hotel room where Perkins made several phone calls in an attempt to locate drugs. Perkins left the room and later returned with Wright and another man. At Wright's suggestion, Wright and the informant stepped into the bathroom. As the agent watched, the informant handed $100 to Wright and Wright gave the informant seven rocks of crack cocaine. Wright, his companion, and Perkins were arrested.

Wright points to the following as evidence that he was entrapped: (1) Perkins approached him in order to persuade him to sell cocaine; (2) Wright initially refused to participate in the sale, and did not agree to furnish the drugs until Perkins came back to his apartment "two or three times"; and (3) Wright only agreed to participate after Perkins told him that the confidential informant would forgive a prior debt Wright owed the informant and that Wright could earn money to pay his delinquent rent.

Even assuming for purposes of this opinion that Wright presented a prima facie case of entrapment, and further assuming the idea originated with the agent, the state presented sufficient evidence to rebut Wright's claim that he was subjected to undue persuasion, incitement or deceit, and that he was not predisposed to sell cocaine.

Although Wright testified that he turned Perkins down several times before agreeing to participate in the sale, Perkins contradicted that testimony. Perkins testified that when he asked Wright where he could buy cocaine, Wright responded that he had some. On cross-examination, Perkins, who had walked to Wright's apartment, testified that when first asked, Wright turned him down only because "[t]here was a problem in the location" of the proposed sale. The second time Perkins asked, Wright agreed to make the sale and even arranged transportation for the two men to get to the hotel. The jury was authorized to find that Perkins was more credible. See generally *Gibson v. State*, 212 Ga. App. 301, 303 (441 SE2d 803) (1994).

In any event, the fact that an informant made repeated requests, without more, does not constitute entrapment. See *Haralson v. State*, 223 Ga. App. 787, 789 (1) (479 SE2d 115) (1996). "The phrase 'undue persuasion' as used in OCGA § 16-3-25 means something more than repeated requests on the part of an officer or agent for contraband goods. The evidence demonstrates that [Wright was a willing purchaser], and even if the idea to sell the [cocaine] originated with the informant and the [agent], there is no entrapment where the officer merely furnishes an opportunity to a defendant who is ready to commit the offense." (Citations and punctuation omitted.) *Evans v. State*, 209 Ga. App. 340, 341 (1) (433 SE2d 426) (1993).

Nor has Wright demonstrated entrapment by claiming that Perkins unduly persuaded him to sell cocaine by offering him money when Wright was struggling financially. If such was sufficient, practically every offender could show entrapment on that basis. See *Ellis v. State*, 164 Ga. App. 366, 367 (1) (296 SE2d 726) (1982). Wright has not shown entrapment by testifying that he saw the sale as an opportunity to repay a favor to the informant. See generally *Venable v. State*, 203 Ga. App. 517, 518 (3) (417 SE2d 347) (1992).

As to Wright's predisposition to sell cocaine, the state introduced

evidence that he pled guilty to sale of cocaine in 1991 and possession of cocaine in 1992. The issue of predisposition is generally one for the jury to decide. See *Hattaway v. State*, 185 Ga. App. 607, 608 (365 SE2d 480) (1988). The trial court charged the law of entrapment and the jury decided the issue adversely to Wright. The jury was authorized to find from the evidence that Wright was predisposed to distribute cocaine and that he did so without any undue persuasion, incitement, or deceitful means on the agent's part. See *Venable*, supra at 518-519 (3).

We are not persuaded by Wright's argument that *Wilkey v. State*, 203 Ga. App. 1 (416 SE2d 350) (1992), requires a contrary result. In *Wilkey*, unlike here, the state failed to present any evidence showing the defendant was predisposed to commit the offense. The state also failed to present any evidence contradicting the defendant's testimony that the informant, who was his brother, made repeated, frantic requests for drugs, claiming their family was being threatened and would be harmed if the informant did not get the drugs. Because in the instant case the state did present evidence rebutting Wright's defense, no grounds for reversal have been presented here. See *Armand v. State*, 164 Ga. App. 350, 352 (296 SE2d 734) (1982).

2. Wright contends that the trial court erred in denying his motion for new trial because the indictment alleged he sold "Cocaine, a Schedule II Controlled Substance" but the state failed to prove at trial that the drug sold was "a Schedule II Controlled Substance." The parties stipulated at trial that the substance sold was crack cocaine. The state was not required to prove that crack cocaine was a Schedule II substance in order to convict Wright of violating OCGA § 16-13-30 (b). *Freeman v. State*, 201 Ga. App. 216, 217 (2) (410 SE2d 749) (1991). The reference to "a Schedule II Controlled Substance" in the indictment was mere surplusage; it was an unnecessary description of an unnecessary fact. Id. There was no fatal variance. We further note that the alleged variance was not fatal because there is no reasonable probability that Wright misunderstood the charges against him, was surprised or harmed by the wording of the indictment, or is not protected against a later prosecution for the same offense. See *In the Interest of M. J. H.*, 193 Ga. App. 621, 627 (2) (388 SE2d 738) (1989).

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED APRIL 7, 1998.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Margaret E. Bagley, Assistant District Attorney*, for appellee.