A01A1321. ROSEBERRY v. THE STATE.
(554 SE2d 816)

MILLER, Judge.

Sandra Jean Roseberry was convicted of one count of harassing phone calls. On appeal Roseberry enumerates as error the grant of the State's motion in limine to exclude certain testimony and the sus-

---

taining of the State's hearsay objection. Roseberry further argues that the court erred in charging the jury that the word "solely" as used in the accusation was insignificant. Discerning no error, we affirm.

The evidence showed that Roseberry and the victim were sisters-in-law.[1] Roseberry called the victim on several occasions, yelling obscenities and threatening to kill the victim and to take away her children, before hanging up the phone.

1. Roseberry contends that the court erred in granting the State's motion in limine to exclude extrinsic evidence that the victim was having an extramarital affair with Roseberry's husband. She argues that this evidence was relevant to show her intent — that she did not intend to harass the victim but to persuade the victim to leave her husband alone. Although the court granted the motion to exclude extrinsic testimony on this issue, Roseberry was allowed to testify that she believed her husband was having an affair with the victim and the basis for that belief.

The testimony that Roseberry desired to elicit went to whether her husband did in fact have an affair with the victim, which was not a triable issue. The issue was whether Roseberry made the phone calls for the purpose of harassing the victim, not whether Roseberry's motivation for the harassment was based on truth. Even though Roseberry's motive for the phone calls was to persuade the victim to stop the affair, the method of persuasion was to harass the victim through repeated phone calls. "The admission or exclusion of evidence on the ground of relevance lies within the discretion of the trial court."[2] Moreover, Roseberry herself was allowed to testify that she believed that the two were having an affair and to give the basis for that belief. We discern no reversible error.

2. During cross-examination of the investigating officer, defense counsel attempted to elicit testimony about what Roseberry's daughter told the officer. The State objected, arguing that the officer's response would be hearsay, and the court sustained the objection. Roseberry argues that the court erred in not allowing her to question the officer about these statements because the State (without objection) elicited some of the same testimony on direct examination.

Regardless of whether such testimony was previously given, the statements sought on cross-examination were offered for the truth of the matter asserted and are considered hearsay under OCGA § 24-3-1.[3] As the right to a thorough and sifting cross-examination

---

[1] Roseberry's husband and the victim's husband are brothers.

[2] (Footnote omitted.) *Reese v. State*, 241 Ga. App. 350, 353 (5) (526 SE2d 867) (1999).

[3] See *Pierce v. State*, 176 Ga. App. 795, 796 (2) (338 SE2d 40) (1985) (hearsay on redirect was erroneously admitted even if door was opened to evidence of hearsay on cross-examination).

does not include the right to elicit hearsay,[4] the court did not err in sustaining the State's hearsay objection.[5]

3. Roseberry argues that the court erred in charging the jury that the word "solely" as used in the accusation is legally insignificant. The accusation charged Roseberry with the offense of harassing phone calls in that she by means of the telephone made repeated calls, during which conversation ensued, solely to harass the victim. During deliberations the jury requested a definition of solely. The court explained to the jury that the word "solely" has no legal significance. Roseberry argues that the jury may have convicted her of committing the offense in a manner not charged in the accusation.

OCGA § 16-11-39.1 (a) provides that "[a] person commits the offense of harassing phone calls if such person telephones another person repeatedly, whether or not conversation ensues, for the purpose of annoying, harassing, or molesting another person or the family of such other person. . . ." Here the State was required to prove only that Roseberry made the repeated calls for the purpose of harassing the victim, not *solely* for the purpose of harassing the victim. The word "solely" is not descriptive of the manner in which the crime was committed and is mere surplusage.[6] It can be entirely omitted without affecting the charge and without detriment to the accusation.[7]

> [M]ere surplusage will not vitiate an indictment, and need not be established in proof. The material facts which constitute the offense charged must be stated and they must be proved in evidence. But allegations not essential to such purpose, which might be entirely omitted without affecting the charge and without detriment to the indictment, are considered as mere surplusage, and may be disregarded in evidence.[8]

Moreover, there was no reasonable probability that Roseberry misunderstood the charges against her or was surprised or harmed by the words of the accusation.[9] Thus, the court did not err in its

---

[4] See *Muse v. State,* 160 Ga. App. 272-273 (1) (287 SE2d 224) (1981).

[5] After the court sustained the State's hearsay objection, Roseberry called her daughter as a witness and defense counsel thoroughly questioned her as to her statements to police.

[6] See *Callaway v. State*, 247 Ga. App. 310, 314 (1) (b) (542 SE2d 596) (2000); *Wright v. State*, 232 Ga. App. 104, 106 (2) (501 SE2d 543) (1998); *Carter v. State*, 222 Ga. App. 397, 398-399 (2) (474 SE2d 228) (1996).

[7] See *Carter*, supra, 222 Ga. App. at 399 (2).

[8] (Punctuation and footnote omitted.) *Callaway*, supra, 247 Ga. App. at 314 (1) (b).

[9] See *Wright*, supra, 232 Ga. App. at 106 (2); *McBride v. State*, 202 Ga. App. 556, 558 (415 SE2d 13) (1992).

charge to the jury on the insignificance of the word "solely" as used in the accusation.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 11, 2001.

*Richard T. Ryczek, Jr.,* for appellant.
*Richard R. Read, Solicitor-General, Robert D. James, Jr., Assistant Solicitor-General,* for appellee.