A97A0043. BROOKS v. THE STATE.
(482 SE2d 725)

Judge Harold R. Banke.

John Wesley Brooks was convicted of selling cocaine and received a life sentence. On appeal he enumerates six errors.

This case arose after an undercover agent approached a confidential informant seeking an introduction to Brooks, his target. The confidential informant telephoned Brooks four times over two days requesting cocaine, claiming to be in trouble and in need of cash. Although Brooks informed the confidential informant that he no longer dealt drugs, ultimately he agreed to meet with her and the undercover agent, who was introduced as her nephew. Brooks admitted using the agent's $310 to drive to Atlanta and procure the cocaine, but denied making any money on the transaction. Upon his return, Brooks provided three plastic bags containing a white powdery substance subsequently identified as cocaine. *Held*:

1. Brooks' second, third, and fourth enumerations challenge evidentiary rulings barring him from exploring the relationship

between his sole defense, entrapment, and the confidential informant, whose identity he clearly knew. The rulings excluded Brooks' (1) inquiry of the undercover officer about whether the confidential informant was Brooks' friend or associate; (2) testimony about what the confidential informant told him during her requests for cocaine; and (3) testimony about why he participated in the drug transaction.

Prior to trial, the court denied Brooks' motion to reveal the confidential informant's identity and quashed his subpoena for production of the confidential informant. Brooks has not appealed those decisions, but contends only that the rulings at issue prohibited him from asserting his defense.

The entrapment defense is "relevant" where, as here, the defendant concedes he committed the crime, but claims the State improperly induced him to do so. *Howard v. State*, 218 Ga. App. 346, 350 (2) (461 SE2d 274) (1995). "Three distinct elements embody the entrapment defense under OCGA § 16-3-25: (1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. [Cits.]" *Wagner v. State*, 220 Ga. App. 71, 72 (467 SE2d 385) (1996). If the defendant presents a prima facie case of entrapment, the burden shifts to the State to disprove the defense beyond a reasonable doubt as one of the elements of the crime. Id. at 72. A prior involvement with drugs does not per se preclude an entrapment defense. See, e.g., id. at 71. Predisposition is generally a jury question. Id. at 72.

The record shows that the trial court's rulings essentially prevented every attempt Brooks made to establish the second and third elements of the defense. Beyond permitting testimony that the confidential informant claimed to be in trouble and needed money, the court did not allow Brooks to explore what the confidential informant said to persuade him to procure the cocaine, his relationship with her, or his motive for participating in the transaction. See OCGA § 24-3-2 (testimony explaining conduct is not hearsay). None of these inquiries compelled the confidential informant to testify, but they were essential to establishing a prima facie case of entrapment.[1] See *Gilbert v. State*, 212 Ga. App. 308, 309-310 (441 SE2d 785) (1994). Restricting this line of questioning denied Brooks a meaningful opportunity to be heard and present his defense. See *Dept. of Transp. v. Del-Cook Timber Co.*, 248 Ga. 734, 739-740 (4) (a) (285 SE2d 913) (1982); compare *State v. Royal*, 247 Ga. 309, 310 (1) (275 SE2d 646) (1981). This constituted an abuse of discretion. *Mobley v. State*, 212

---

[1] Neither the facts that Brooks had a previous drug conviction nor his subsequent offer to procure more drugs for the agent precludes his defense. *Wagner*, 220 Ga. App. at 72-73.

Ga. App. 293, 295 (1) (441 SE2d 780) (1994) (standard of review).

Nor can we say there was a reasonable probability that the exclusion of this line of inquiry did not contribute to the conviction. *Schneble v. Florida*, 405 U. S. 427, 432 (92 SC 1056, 31 LE2d 340) (1972); see *Johnson v. State*, 238 Ga. 59, 60 (230 SE2d 869) (1976). It is well settled that a jury must be instructed on a defendant's sole defense if there is some evidence to support the charge. *Strickland v. State*, 221 Ga. App. 516, 519 (2) (471 SE2d 576) (1996). Here, the trial court did not permit Brooks to present evidence on his sole defense and then did not instruct the jury on entrapment because the evidence did not support the charge. In so doing, the trial court's rulings put Brooks in a Catch 22 which denied him the right to present all admissible evidence.

2. The trial court did not err in sustaining the State's relevance objection to Brooks' inquiry about how confidential informants are compensated. Because the question was too broad to relate directly to a relevant issue, such as the amount of compensation received by the confidential informant in this case, we cannot say the trial court manifestly abused its discretion. *Wheeler v. State*, 212 Ga. App. 638, 639 (2) (442 SE2d 906) (1994).

3. Because the remaining enumerations address issues unlikely to arise on retrial, we decline to address them.

*Judgment reversed. Pope, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 25, 1997.

*James E. Millsaps*, for appellant.
*Alan A. Cook, District Attorney*, for appellee.