## A00A1135. RAPIER v. THE STATE.
(535 SE2d 860)

MIKELL, Judge.

Robert Carlton Rapier was accused of two counts of violating the Georgia Controlled Substances Act for selling cocaine to an undercover narcotics agent on January 12, 1998, and February 24, 1998. Rapier admitted committing the transactions and asserted the defense of entrapment. The jury acquitted him on the first count and convicted him of the second offense. Rapier was sentenced to five years to serve. The trial court denied Rapier's motion for new trial. He appeals. We affirm.

1. Rapier contends that the trial court erred in denying his motion for a directed verdict of acquittal based on the state's failure to rebut his prima facie showing of entrapment. We disagree.

Rapier testified that his next-door neighbor came over one night in October 1997 with gin and beer. The neighbor was accompanied by a confidential informant ("CI") who produced a crack pipe and began smoking crack cocaine. Rapier, a recovering crack addict who had avoided the drug since his release from jail, could not resist the CI's repeated entreaties to join him. After consuming gin and half a case of beer, Rapier smoked the cocaine the CI provided. Rapier explained that he did so in part because he had broken his jaw and was in

severe pain. Rapier added that his physician would no longer prescribe painkillers for him.

The CI visited Rapier's home on numerous occasions between October and December 30, bringing cocaine which the two men smoked. When their supply ran out, Rapier often accompanied the CI to purchase additional quantities. After about a month, the CI claimed he could no longer procure the drugs because he owed the dealers money. The CI told Rapier it was his turn to make the buys, and Rapier felt obligated to do so.

Finally, on December 30, 1997, the CI arrived at Rapier's home with Tod Henderson, an undercover agent assigned to the Narcotics Unit of the Cobb County Police Department. The CI, Rapier, and the agent drove to a dealer's home, where Rapier purchased cocaine with $60 the agent provided. Rapier claimed the CI gave him a rock of cocaine in exchange for performing this transaction. The CI and Rapier had no contact after December 30.

Subsequently, on January 12, 1998, the agent knocked on Rapier's door at 10:40 p.m. and asked Rapier to purchase cocaine for the agent. Rapier dressed, told the agent where to drive him, and made the buy. Rapier made three additional cocaine purchases for the agent, on January 22, February 12, and February 24. Rapier was arrested after the last sale. Crack cocaine was found in Rapier's pocket. Rapier claimed the agent gave him a rock of cocaine after each of the four buys they made without the CI. However, the agent testified he never provided Rapier with cocaine.

> Three distinct elements embody the entrapment defense under OCGA § 16-3-25: (1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime.[1]

The state introduced evidence that Rapier pleaded guilty to possession of cocaine in 1992. It follows that the issue of Rapier's predisposition to sell cocaine was one for the jury to decide.[2] As to the issue of undue persuasion, Rapier never testified that the agent pressured him into making the purchases. In fact, Rapier admitted that when the CI "fired one up" the first time they met, Rapier "didn't throw him out of the house." Thereafter, Rapier cooperated with purchases

---

[1] (Punctuation omitted.) *Brooks v. State*, 224 Ga. App. 829, 830 (1) (482 SE2d 725) (1997).

[2] *Wright v. State*, 232 Ga. App. 104, 105 (1) (501 SE2d 543) (1998).

in return for a rock of cocaine for each sale. In *Hall v. State*,[3] we held that a defendant who testified that he sold cocaine to an undercover officer in exchange for drugs showed his predisposition to sell cocaine.

Even assuming that Rapier presented a prima facie case of entrapment, the agent's testimony that he never provided cocaine to Rapier is sufficient to rebut Rapier's claim that he was subjected to undue persuasion, incitement or deceit.[4]

Although Rapier contends that without the CI's testimony, the state failed to rebut his evidence of entrapment, there is no

> per se rule that a defendant is entitled to a directed verdict where the informant is not called to rebut the defendant's testimony of entrapment. A distinction must be made between evidence which raises a defense of entrapment and which would require that the jury be charged as to the law of entrapment and the burden of proof thereon, and evidence which, under the standards set out in OCGA § 17-9-1, would demand a finding of entrapment and, therefore, a directed verdict of acquittal.[5]

Rapier contends that this case is controlled by *Sherman v. United States*.[6] However, *Sherman*'s facts differ significantly from those in the case sub judice. In *Sherman*, the informant met the defendant at a doctor's office, where both were receiving treatment for drug addiction. The informant, who was awaiting sentencing for selling narcotics, persistently pleaded with the defendant to obtain drugs for the informant, and the defendant ultimately acquiesced. In contrast, Rapier's testimony does not demonstrate that the CI was aware of his status as a recovering addict. Rapier testified only to his belief that his neighbor was aware of Rapier's addiction based on Rapier's prior calls to 911 to rid the neighborhood of drug dealers.

Nor do other cases cited by Rapier warrant reversal. In *Wagner v. State*[7] and *Brooks v. State*,[8] this Court reversed the defendants' convictions because the trial court failed to instruct the jury on entrapment. In contrast, in the instant case, the trial court charged

---

[3] 211 Ga. App. 310, 311 (439 SE2d 67) (1993).

[4] *Wright v. State*, supra, 232 Ga. App. at 105 (1); *Rutledge v. State*, 218 Ga. App. 130, 133 (2) (460 SE2d 551) (1995).

[5] (Punctuation omitted.) *State v. Royal*, 247 Ga. 309, 310 (275 SE2d 646) (1981); *Timberlake v. State*, 200 Ga. App. 64, 68 (406 SE2d 537) (1991); *Finley v. State*, 214 Ga. App. 452, 453-454 (448 SE2d 78) (1994).

[6] 356 U. S. 369 (78 SC 819, 2 LE2d 848) (1958).

[7] 220 Ga. App. 71 (467 SE2d 385) (1996).

[8] Supra, 224 Ga. App. at 831 (1).

the jury extensively on the entrapment defense and permitted Rapier to explore fully the CI's relationship with both Rapier and the agent.

Since the evidence in this case did not demand a finding of entrapment, the trial court properly denied Rapier's motion for a directed verdict of acquittal.

2. Rapier next alleges the trial court erred in refusing to grant his motion, made pursuant to *Brady v. Maryland*,[9] to reveal the CI's identity. We disagree.

In determining whether to compel the state to reveal the CI's identity, the trial court first

> should hear evidence to determine: (a) that the confidential informant is an alleged informer-witness or informer participant whose testimony appears to be material to the defense on the issue of guilt or punishment; (b) that the testimony for the prosecution and the defense is or will be in conflict; and (c) that the CI was the only available witness who could amplify or contradict the testimony of these witnesses.[10]

At this threshold step, Rapier bore the burden of showing the "relevance, materiality, and necessity of the identity of the informant as a predicate for disclosure."[11] This Rapier failed to do.

At the pretrial hearing on Rapier's *Brady* motion, the undercover agent testified that the CI was not involved in the two transactions for which Rapier was tried. Moreover, Rapier admitted that he had no contact with the CI after December 30, 1997. It follows that the CI's testimony would not be material to the February 24, 1998 sale.

Rapier argues, inter alia, that the CI's testimony could amplify or contradict the conflicting testimony regarding whether Rapier expected to be paid with cocaine for making the drug buys for the agent. However, as noted in Division 1, the jury could have construed evidence that Rapier sold cocaine in exchange for drugs as proof of his predisposition to commit the crime.

Accordingly, the trial court did not err in denying Rapier's motion to reveal the CI's identity.[12]

3. Rapier's third, fourth and fifth enumerations of error take issue with the trial court's refusal to give three portions of Rapier's requested charge on entrapment.

---

[9] 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).
[10] (Punctuation omitted.) *Ivory v. State*, 234 Ga. App. 858, 860 (2) (508 SE2d 421) (1998).
[11] *Leonard v. State*, 228 Ga. App. 792, 794 (2) (492 SE2d 747) (1997).
[12] *Grant v. State*, 230 Ga. App. 330, 332 (1) (496 SE2d 325) (1998).

First, Rapier alleges the trial court erred in failing to charge the jury that the critical time to determine if the accused was entrapped is the point at which he was first contacted by the government agent.[13] The record shows that during deliberations, the jury asked the court whether entrapment could occur prior to the dates of the alleged offenses. The judge responded affirmatively. Counsel stated that she had no exceptions to the recharge. Having failed to reserve any exceptions, Rapier waived the right to object to the recharge on appeal.[14]

Second, Rapier asked the trial court to charge:

> If you find that the government . . . agent generates criminal acts by "creative activity" that are not independent acts subsequent to the inducement but part of a course of conduct which was the product of the inducement, those acts cannot be used to show predisposition.[15]

Finally, Rapier requested the trial court to charge that "the government may not make use of an informer and then claim dissociation through ignorance."[16]

As the trial judge concluded, these two requested paragraphs were more properly suited for defense counsel's closing argument than for jury instruction. In any event, the trial court gave the charge on entrapment contained in Volume II of the Suggested Pattern Jury Instructions promulgated by the Council of Superior Court Judges. This charge as a whole fully and accurately informed the jury of the elements of the entrapment defense.[17] Accordingly, we find no error in the trial court's refusal to give the specific requested charges.

4. Finally, Rapier challenges the sufficiency of the evidence to support his conviction.

> On appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility.[18]

Viewed in the light most favorable to the verdict, the evidence

---

[13] *Wagner v. State*, supra, 220 Ga. App. at 73.

[14] *Parkman v. State*, 241 Ga. App. 756, 757 (1) (526 SE2d 640) (1999).

[15] *Wagner v. State*, supra, 220 Ga. App. at 73.

[16] *Sherman v. United States*, supra, 356 U. S. at 375.

[17] See *Haralson v. State*, 223 Ga. App. 787, 792 (4) (479 SE2d 115) (1996) (when read as a whole, jury charge on entrapment held proper).

[18] *Grant v. State*, 195 Ga. App. 463, 464 (393 SE2d 737) (1990).

was sufficient to enable a rational trier of fact to find Rapier guilty beyond a reasonable doubt of the offense for which he was convicted.[19]

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JUNE 30, 2000 —
RECONSIDERATION DENIED JULY 17, 2000

*Amelia G. Pray*, for appellant.
*Patrick H. Head*, District Attorney, *Dana J. Norman, Irvan A. Pearlberg, Maria B. Golick*, Assistant District Attorneys, for appellee.

---

[19] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).