## A00A2071. NEILL v. THE STATE.
(543 SE2d 436)

MIKELL, Judge.

Kevin Glenn Neill appeals his felony conviction for trafficking in methamphetamine. On appeal, Neill argues that the trial court erred by admitting a hotel registration card and Neill's custodial statements into evidence. Neill also challenges the sufficiency of the evidence. We affirm.

As recognized in cases such as *Shabazz v. State*,[1] on appeal from a criminal conviction, the evidence is viewed in a light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[2] The jury's verdict will be upheld as long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case.[3]

Viewed in the light most favorable to the verdict, the evidence shows that at approximately 2:00 p.m. on September 17, 1998, Clayton County Sheriff's Office narcotics agent David Noe and Special Agent Jay Mortenson of the Drug Enforcement Administration followed a suspected drug dealer to a gas station on Old National Highway. While they observed the suspect, Neill entered the suspect's car for a brief meeting before going into the store at the gas station. After Neill exited the store, Noe and Mortenson approached him.

Noe asked Neill how he knew the suspect. Neill said he worked with him, but could not remember his name. While Neill was looking through his wallet for identification, Noe asked Neill about a Sumner Suites Hotel card key he saw in Neill's wallet. Neill said he stayed there the previous night but had since checked out. Noe then asked Neill for permission to search him and his vehicle. Neill consented and signed a waiver and consent to search form. No drugs were found during either search. After completing the searches, Noe asked Neill for his hotel room number from the previous night. Neill said he could not remember, but thought it might have been 203 or 303. Noe then offered to return the room key to the hotel.

Noe and Mortenson released Neill and went directly to the Sumner Suites Hotel, where Noe asked the assistant manager the names of the guests in rooms 203 and 303. When the records showed that Neill had not occupied either room, Noe asked the assistant manager to go through all of the receipts. On the receipt for room 103, Noe noticed an address in Franklin, Georgia, which was where Neill

---

[1] 229 Ga. App. 465 (1) (494 SE2d 257) (1997).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Brown v. State*, 237 Ga. App. 761, 762 (516 SE2d 810) (1999).

resided. The room was registered under a different name, but the tag number and the description of the vehicle registered to the room matched Neill's vehicle. Noe and Mortenson then went to room 103.

As they approached the room, a woman approached it as well. After the officers identified themselves and asked to search the room, the woman signed a consent to search form. The officers found what they suspected to be methamphetamine in the drawer of the night-stand, in the tissue dispenser, and in the coffee maker.[4]

Within days, Neill was arrested. After Mortenson read Neill his *Miranda* rights, Neill told him he paid $15,000 for the drugs and that he intended to sell them. Neill also gave him a phone number for his supplier.

1. On appeal, Neill contends that the state did not lay the proper foundation for the admission of the hotel registration card into evidence as a business record. In support of his contention, Neill relies on the testimony of Chioke Jenkins, a hotel employee, that he was not the custodian of the hotel registration records and did not direct or control the method by which the cards were kept. Neill's contention lacks merit.

"The business records exception does not require that the person laying the foundation for the admission of business records be the custodian of the records."[5] Instead, it requires that the record offered to prove an act or transaction be made in the regular course of business and that it is the regular course of business to make the record at the time of the act or transaction.[6]

Jenkins testified that when guests check in, they write their names, addresses, and car information on the hotel registration card and sign the bottom of the card. Additionally, Jenkins testified that it was part of the regular course of business to make the records and they were made in the regular course of business. In light of Jenkins' testimony, we find that the card was properly admitted.[7]

2. In Neill's second enumeration of error, he argues that the trial court erred in finding that his statements were freely given and voluntary. Neill contends that his confession to Mortenson was based on the "hope of benefit" that he would not be prosecuted in federal court.

"The standard for determining the admissibility of confessions is the preponderance of evidence. To determine whether the state has proven that a confession was made voluntarily, the trial court must

---

[4] The crime lab confirmed that the substance was methamphetamine.

[5] *McBride v. State*, 213 Ga. App. 857, 859 (6) (446 SE2d 193) (1994).

[6] OCGA § 24-3-14 (b).

[7] We also note that Jenkins specifically remembered Neill because Neill paid to stay another night in a room that was registered under a different name.

consider the totality of the circumstances."[8]

During the trial, Mortenson testified that his purpose in interviewing Neill was to determine Neill's source of supply. When he conducts these types of interviews, Mortenson stated that he always tries to explain the difference between federal and state prison time. During Neill's interview, he explained this difference. However, he did not promise Neill that he would not pursue a federal prosecution based on anything Neill said.

At the *Jackson-Denno*[9] hearing, Mortenson testified that he told Neill that he (Mortenson) would decide whether the case "went state or federal." Mortenson also testified that it was his pattern to disclose this fact. In fact, he told the woman who consented to the search of the hotel room the same thing even though he did not actually interview her. At trial, when asked to explain what defense counsel called an "inconsistency," Mortenson explained that he did say it was his decision but only to the extent that he had the discretion to decide whether to take the case to the federal prosecutor, who would then decide whether to prosecute it under federal law. Mortenson asked the federal prosecutor to prosecute the case, but he declined to do so.

"Existence of conflicting evidence at a *Jackson-Denno* hearing as to whether and why a given promise occurred does not automatically cause the trial court's findings to be clearly erroneous that the confession was freely and voluntarily given."[10] Furthermore, "[f]actual and credibility determinations pertaining to voluntariness made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous."[11] We find that Mortenson's pattern of explaining the distinction between state and federal time as well as the extent of his discretion does not equate to a hope of benefit.

Neill's argument that his statement was not voluntary because he was confused at the time he gave it also fails. Neill contends that Mortenson refused his request for sugar until after he made a statement at the police station, even though Mortenson knew that Neill was hypoglycemic and would become confused without sugar. During the trial, however, there was no evidence that Mortenson withheld sugar from Neill to induce him to give a statement. On the contrary, the evidence was that Neill was responsive and followed Mortenson's conversation quite well during the interview. Accordingly, in light of the evidence, we affirm the trial court's finding that Neill's statement

---

[8] (Citation omitted.) *Lee v. State*, 270 Ga. 798, 800 (2) (514 SE2d 1) (1999).

[9] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[10] *Gadson v. State*, 197 Ga. App. 315, 316 (1) (398 SE2d 409) (1990).

[11] (Citation omitted.) *Green v. State*, 154 Ga. App. 295, 296 (1) (A) (267 SE2d 898) (1980).

was voluntary.

3. In Neill's third enumeration of error, he challenges the sufficiency of the evidence. Any person in possession of 28 grams or more of methamphetamine commits the felony offense of trafficking in methamphetamine.[12] Neill was in possession of more than 448 grams of methamphetamine. Accordingly, we find that the evidence in this case was sufficient to support the trier of fact's finding that Neill was guilty beyond a reasonable doubt.[13] Thus, this enumeration is without merit.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED DECEMBER 6, 2000 — 

*Lee Sexton*, for appellant.

*Robert E. Keller*, District Attorney, *Staci L. Guest*, Assistant District Attorney, for appellee.

---

[12] OCGA § 16-13-31 (e).

[13] *Jackson v. Virginia*, supra.