A05A1392. GRAVES v. THE STATE.
(619 SE2d 356)

PHIPPS, Judge.

A jury found Ralph Virgil Graves guilty of trafficking in more than 200 grams of methamphetamine.[1] He appeals, arguing that the evidence was insufficient to support the verdict and that the state failed to disprove his affirmative defense of entrapment. Because these contentions lack merit, we affirm.

Viewing the evidence in the light most favorable to the verdict,[2] the record shows that a confidential informant (CI) contacted Special Agent Peter Connolly of the Federal Bureau of Investigation in June 2002 with information about Graves. The CI had previously bought methamphetamine from Graves and owed him money.

At Connolly's direction, the CI called Graves to arrange a meeting to buy methamphetamine. The CI met Graves on June 25 at a K-Mart parking lot, where she asked him to sell a pound of methamphetamine to her friend. Graves agreed to sell one pound of methamphetamine to the friend, who actually was an undercover police officer, for $6,000. On July 3, Graves met the CI and the undercover officer in a motel room that, unbeknownst to Graves, was being monitored and videotaped by the police. Graves brought a half pound of methamphetamine, for which the undercover officer paid him $3,000. Graves then left the room, promising to return later that evening with another half pound, and drove home. His supplier and codefendant, Aldo Brito, was later arrested after leaving Graves's residence with $2,250 of the money that the undercover officer had given Graves. Graves was arrested on his way back to the motel.

Connolly and Detective Shannon Ramsey of the Dalton Police Department visited Graves in jail and obtained a statement from him. According to Connolly's notes, Graves admitted that the CI had called him and asked him to procure a pound of methamphetamine for her friend. Graves acknowledged that he had met the CI and her friend at a motel room and had sold the friend a half pound of methamphetamine for $3,000. Graves stated that after leaving the motel, he gave $2,250 to his supplier and $250 to a girlfriend and kept

---

[1] Graves also was found guilty of possession of methamphetamine, but the court merged that count with the trafficking count for sentencing purposes.

[2] See *Neill v. State*, 247 Ga. App. 152 (543 SE2d 436) (2000).

the remaining money. He also told the police that he had been selling methamphetamine from his home for the previous six months in quantities ranging from a quarter of a pound to a pound.

1. Graves contends that the evidence was insufficient to support his conviction. On appeal from a criminal conviction, we do not weigh the evidence or evaluate the credibility of witnesses; we merely determine whether the evidence is sufficient under the standard of *Jackson v. Virginia.*[3] As long as there is some competent evidence, even though contradicted, to support each element necessary to make out the state's case, we will affirm the conviction.[4] The evidence in this case, including Graves's confession, was sufficient to support his conviction for trafficking in methamphetamine.[5]

2. Graves argues that the state failed to rebut his affirmative defense of entrapment.

> The elements comprising entrapment are: (1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. When a defendant raises the defense of entrapment and testifies to it at trial, the State has the burden of disproving the defense beyond a reasonable doubt. Determining whether the State has done so rests with the jury.[6]

Although the idea for the commission of the crime in this case unquestionably originated with state actors, the state presented evidence to rebut the remaining two elements of entrapment. Graves testified at trial that while he was in jail for a May 2002 arrest, Ramsey had asked him to cooperate with the police and he had agreed. Thus, he claimed that when he later sold methamphetamine to the CI's friend, he thought he was working as a government informant to set up his supplier. Ramsey, on the other hand, testified that he did not sign Graves up to be an informant, but merely told him to call when he got out of jail if he was interested in working with the police. Graves never called. Hence, the state presented evidence that Graves had no basis for believing that he was working as an informant; that the police and the CI did not use undue persuasion, coercion, or deceit; and that Graves was predisposed to commit the

---

[3] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Neill,* supra.

[5] See id. at 155 (3); OCGA § 16-13-31 (e).

[6] *Mitchell v. State,* 249 Ga. App. 520, 522 (2) (548 SE2d 469) (2001) (punctuation and footnotes omitted).

crime. As the jury was authorized to·find that the state carried its burden, there is no basis for reversal.[7]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED AUGUST 1, 2005.

*Michael A. Corbin*, for appellant.

*Kermit N. McManus, District Attorney, Forest L. Miles, Assistant District Attorney*, for appellee.

---

[7] See *Wright v. State*, 232 Ga. App. 104, 106 (1) (501 SE2d 543) (1998).