A06A1766. GRIFFITHS v. THE STATE.
(641 SE2d 169)

ELLINGTON, Judge.

A DeKalb County jury found Carol Griffiths guilty beyond a reasonable doubt of trafficking in cocaine, OCGA § 16-13-31 (a); possession of cocaine with intent to distribute, OCGA § 16-13-30 (b); and two counts of use of communication facilities in committing a felony drug offense, OCGA § 16-13-32.3. Following the denial of his motion for a new trial, Griffiths appeals, contending the trial court erred in denying his motion to compel the State to disclose the identity of a confidential informant, in denying his motion to strike a juror, and in charging the jury. Finding no error, we affirm.

1. Griffiths contends that discovering the identity of the confidential informant who introduced Griffiths to an undercover detective and who negotiated the terms of the cocaine purchase was necessary to the presentation of his sole defense of entrapment. As a result, he contends, the trial court abused its discretion in denying his motion to compel the State to reveal the identity of the confidential informant.

We begin with the fundamental premise that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." *Brady v. Maryland*, 373 U. S. 83, 87 (83 SC 1194, 10 LE2d 215) (1963). When the source of evidence favorable to an accused is a confidential informant, *Brady*'s protections may conflict with the so-called "informer's privilege," that is, "the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." (Citations omitted.) *Roviaro v. United States*, 353 U. S. 53, 59 (I) (77 SC 623, 1 LE2d 639) (1957). See OCGA § 24-9-27 (d) ("No official persons shall be called on to disclose any state matters of which the policy of the state and the interest of the community require concealment."). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement." *Roviaro v. United States*, 353 U. S. at 59 (I). See *Keith v. State*, 238 Ga. 157, 158 (231 SE2d 727) (1977) (public policy in Georgia favors nondisclosure of the identity of informants in the interest of the free flow of information about criminal activity). When a defendant files a *Brady* motion seeking the disclosure of the identity of a confidential informant, one of these competing interests must yield to the other.

To resolve this conflict, the due process concept of fundamental fairness requires that the trial court balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro v. United States*, 353 U. S. at 62 (I). A defendant seeking disclosure of an informant's identity bears the burden of showing the relevance, materiality, and necessity of evidence only the informant can provide. *Rapier v. State*, 245 Ga. App. 211, 214 (2) (535 SE2d 860) (2000). It is well settled that "if the State proves to the court's satisfaction that the informer is a pure tipster, who . . . neither participated in nor witnessed the offense," then disclosure of his identity is not required. (Emphasis omitted.) *Thornton v. State*, 238 Ga. 160, 165 (2) (231 SE2d 729) (1977). If the informant witnessed or participated in the offense, whether disclosure is required depends on "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro v. United States*, 353 U. S. at 62 (I). The Supreme Court of Georgia has noted in dicta that

> [w]here a defendant charges that a confidential informant
> has entrapped him outside the presence of any other wit-
> nesses, Roviaro would ordinarily require disclosure of the
> informant's identity, since the defense of entrapment would

rest upon allegations which only the informant could confirm or deny.

(Footnote omitted.) *State v. Royal*, 247 Ga. 309, 312 (2) (275 SE2d 646) (1981).

Still, "[t]he mere invocation of the word 'entrapment' does not magically create a viable defense." *Alvarez v. United States*, 525 F2d 980, 983 (5th Cir. 1976). The disclosure of the identity of a confidential informant is warranted only if the evidence demonstrates "an arguably persuasive defense of entrapment." *Boatright v. State*, 260 Ga. 534, 536 (1) (c) (397 SE2d 689) (1990). "In Georgia, the entrapment defense consists of three distinct elements: (1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime." (Citations omitted.) *Keaton v. State*, 253 Ga. 70, 71-72 (316 SE2d 452) (1984). See OCGA § 16-3-25.[1]

In this case, the State presented the following evidence at the hearing on Griffiths' motion to reveal the identity of the confidential informant. On April 5, 2005, a federal agent introduced a confidential informant whom his agency had used to an undercover detective for a drug crimes task force of the Decatur police department. The informant told the detective that he knew of a man who was trying to sell a large amount of narcotics. The detective had the informant call the man, Griffiths, and tell him that he knew someone who wanted to purchase eight kilograms of cocaine and twelve pounds of marijuana. The informant met with Griffiths to set the terms of the deal and they agreed to meet with the buyer (the detective) the following day at the mechanic's shop where Griffiths worked.

On April 6, the detective and the informant traveled together to that location. The detective asked if Griffiths had "the stuff" and "the kilos," and Griffiths replied that "his guy" would be there in a few minutes. The detective waited, but Griffiths' driver never arrived that afternoon. Griffiths used the phone repeatedly during the day and several times reported to the detective that his driver had gotten lost on the way. During the afternoon, the detective and Griffiths

---

[1] A person is not guilty of a crime if, by entrapment, his conduct is induced or solicited by a government officer or employee, or agent of either, for the purpose of obtaining evidence to be used in prosecuting the person for commission of the crime. Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer.
OCGA § 16-3-25.

discussed where the drugs were located. At one point, the detective told Griffiths that he hoped Griffiths and his associates were not going to rob him. In response to that, Griffiths took the detective to a shop vehicle and showed him a "Tec 9" semiautomatic handgun, and said, "[T]hey ain't going to be no robbing around here, and this is why." Later, the detective saw another man, Claude Cummings, arrive in a black Nissan Maxima and converse with Griffiths. Finally, after four to five hours at the shop, the detective gave up waiting and told Griffiths to call him when he was ready to conduct business. The men exchanged cell phone numbers.

A few hours later, Griffiths called the detective at the number he had left for him. Griffiths said it would be safer to make the exchange the following morning. On the morning of April 7, Griffiths called the detective to confirm the deal and said that he had the "stuff." The detective went back to the shop, without the informant as Griffiths had instructed. At the shop, the detective saw Griffiths and Cummings in the Maxima which Cummings had been driving the day before. As Griffiths instructed, the detective followed Griffiths and Cummings a short distance to a residence where the exchange was to be made.

In front of the house, Griffiths got out of the Maxima and walked to the detective's car and asked if he was "ready to take care of business." The detective responded that he wanted to see one of the kilos before showing Griffiths the money. Griffiths told Cummings to get one of the kilos, and Cummings then spoke to someone inside the house. A third man, Hugo Vegas-Soto, came out of the house and retrieved a kilo of cocaine from a hidden compartment in a silver Volkswagen Jetta which was parked in the yard and handed the package to the detective. After that, task force members arrested the participants and obtained a search warrant for the house.

After the trial court received this evidence at the hearing on the motion to reveal the informant's identity, Griffiths' counsel argued that at trial Griffiths' sole defense would be that of entrapment. His counsel argued that the defense required information which only the informant could provide about the conversations between Griffiths and the informant leading up to Griffiths' first contact with the detective. Based on the circumstances presented here, however, the trial court was authorized to find that Griffiths was unable to present "an arguably persuasive case" on the third element of the defense of entrapment, that he was not predisposed to commit the crime. In particular, the informant's testimony could not be material to Griffiths' defense because his own conduct on April 6 and 7, 2005, as he discussed the impending drug sale with the detective, displayed the weapon he considered protection against a robbery, and coordinated the movements of the numerous participants in the large-scale

transaction, demonstrated his disposition to commit the offenses charged. The trial court did not err in denying Griffiths' motion to reveal the identity of the informant. *Rapier v. State*, 245 Ga. App. at 214 (2).

2. Griffiths contends the trial court erred in refusing to strike for cause Juror No. 18, who indicated during voir dire that she might have some bias in the case.

> Whether to strike a juror for cause lies within the sound discretion of the trial court. Before a juror is excused for cause, it must be shown that he or she holds an opinion of a defendant's guilt or innocence that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence and the court's instructions.

(Footnotes omitted.) *Head v. State*, 276 Ga. 131, 133 (2) (575 SE2d 883) (2003).

Juror No. 18 did not raise her hand when the panel was questioned about whether anyone had formed an opinion about Griffiths' guilt or innocence or whether anyone's mind was not impartial between the State and the accused. She did respond affirmatively, however, when the panel was asked if anyone had any prejudice or bias either for or against Griffiths. The juror explained that she held certain "ingrained" opinions "about drug dealing" based on her training and experience as a high school teacher working with children who were involved with drugs. She stated that "though [she] would try very hard not to let [her opinions] influence [her]," she "would find it difficult to separate [her opinions] completely" from the facts of the case. "[A] trial court is not required to strike for cause a prospective juror who simply expresses reservations about her ability to set aside her personal experiences." (Footnote omitted.) *Byrd v. State*, 277 Ga. 554, 556 (2) (a) (592 SE2d 421) (2004). Further, "a determination of bias is based on observations concerning a potential juror's demeanor and credibility, which are matters peculiarly in the trial court's province." (Punctuation and footnote omitted.) Id. Taking Juror No. 18's responses in context, the trial court in this case was authorized to conclude that, although she held a repugnance toward the offenses charged in the indictment, she did not have a fixed and definite opinion of Griffiths' guilt. The trial court properly declined to strike the juror for cause. Id.

3. Griffiths contends the trial court's charge to the jury removed his sole defense from the case. "The only requirement regarding jury charges is that the charges, as given, were correct statements of the

law and, as a whole, would not mislead a jury of ordinary intelligence." (Citation and punctuation omitted.) *McGuire v. State*, 266 Ga. App. 673, 676 (1) (b) (598 SE2d 55) (2004).

As Griffiths concedes, the trial court charged the jury regarding the defense of entrapment, using the pattern instruction. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (3rd ed.), Par. 3.09.10, p. 170. But, he contends, the entrapment instruction conflicted with the following portion of the charge:

> Should you find beyond a reasonable doubt that the defendant had knowledge of [the] crime and that [the] crime was being committed and that the defendant knowingly and intentionally participated or helped in the commission of it, then you would be authorized to convict the defendant.

This argument is without merit. The challenged portion of the charge was a part of the standard instruction on the element of knowledge. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (3rd ed.), Par. 1.43.10, pp. 37-38; *Eckman v. State*, 274 Ga. 63, 67-68 (3) (a) (548 SE2d 310) (2001). Further, the court instructed the jury that the State bore the burden of proving beyond a reasonable doubt that Griffiths was not entrapped. The charge was legally correct and taken as a whole would not mislead a jury of ordinary intelligence. There was no error. *Rapier v. State*, 245 Ga. App. at 215 (3); *Haralson v. State*, 223 Ga. App. 787, 792 (4) (479 SE2d 115) (1996).

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED DECEMBER 5, 2006 —
RECONSIDERATION DENIED JANUARY 5, 2007 —

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.

