**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 18, 2016**

# In the Court of Appeals of Georgia

A16A0388. McGHEE v. THE STATE.

DILLARD, Judge.

Following a trial by jury, Onza McGhee was convicted of possession of cocaine with the intent to distribute, criminal attempt to commit the sale of cocaine, and use of a communication facility in facilitating a commission of a felony criminal act. McGhee's sole contention on appeal from these convictions is that the trial court erred in refusing to require the State to reveal the identity of a confidential participant informer. For the reasons set forth *infra*, we affirm.

At the outset, we note that the suppression by the State of evidence favorable to an accused upon request "violates due process [when] the evidence is material

either to guilt or to punishment."[1] And when the source of evidence that is favorable to an accused comes from a confidential informant, *Brady*'s protections can conflict with the State's "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law."[2] Thus, when a defendant files a motion seeking disclosure of a confidential informant's identity, one of these two competing interests must yield.[3]

In order to resolve the foregoing conflict, a trial court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense."[4] And a defendant who seeks the disclosure of an informant's identity "bears the burden of showing the relevance, materiality, and necessity of evidence only the informant can provide."[5] But if the State proves to the trial court's satisfaction that the informer is purely a tipster who "neither participated in nor

---

[1] *Brady v. Maryland*, 373 U.S. 83, 87 (83 SCt 1194, 10 LE2d 215) (1963); *accord Griffiths v. State*, 283 Ga. App. 176, 177 (1) (641 SE2d 169) (2007).

[2] *Roviaro v. United States*, 353 U.S. 53, 59 (I) (77 SCt 623, 1 LE2d 639) (1957); *accord Griffiths*, 283 Ga. App. at 177 (1).

[3] *Griffiths*, 283 Ga. App. at 177 (1).

[4] *Roviaro*, 353 U.S. at 62 (1); *accord Griffiths*, 283 Ga. App. at 177 (1).

[5] *Griffiths*, 283 Ga. App. at 177 (1).

witnessed the offense, then disclosure of his identity is not required."[6] However, if

the informer witnessed or participated in the offense, whether his identity must be

disclosed depends upon "the particular circumstances of each case, taking into

consideration the crime charged, the possible defenses, the possible significance of

the informer's testimony, and other relevant factors."[7]

Indeed, the trial court must conduct a two-step hearing, first considering

evidence to determine

> (a) that the confidential informant is an alleged informer-witness or
> informer-participant whose testimony appears to be material to the
> defense on the issue of guilt or punishment; (b) that the testimony for the
> prosecution and the defense is or will be in conflict; and (c) that the
> confidential informant was the only available witness who could amplify
> or contradict the testimony of these witnesses.[8]

---

[6] *Griffiths*, 283 Ga. App. at 177 (1) (punctuation omitted); *see also Cauley v. State*, 287 Ga. App. 701, 704 (2) (652 SE2d 586) (2007) ("Having received no evidence that the informant witnessed or participated in the placement of the drugs and drug paraphernalia in [the defendant's] vehicle, the trial court reasonably concluded that the caller was a mere tipster and not a material or necessary witness. After such a determination has been made, no further inquiry by the trial court is required." (emphasis and punctuation omitted)).

[7] *Roviaro*, 353 U.S. at 62 (I).

[8] *Hernandez v. State*, 291 Ga. App. 562, 569 (3) (662 SE2d 325) (2008) (punctuation omitted); *accord Browner v. State*, 265 Ga. App. 788, 791-92 (2) (595 SE2d 610) (2004); *Grant v. State*, 230 Ga. App. 330, 331 (1) (496 SE2d 325) (1998).

If this threshold is met, the trial court must then hold an in-camera hearing of the confidential informant's testimony, after which the court should "weigh the materiality of the informer's identity to the defense against the State's privilege not to disclose his name under *Roviaro*."[9]

On appeal, McGhee argues that the informant was "a participant-informer and not a mere tipster" and, thus, that the trial court "committed reversible error in not requiring the State to reveal the identity of the informer."[10] We disagree.

---

[9] *Hernandez*, 291 Ga. App. at 569 (3) (punctuation omitted); *see also Browner*, 265 Ga. App. at 792 (2) ("Once this threshold has been met, the trial court must conduct an in camera hearing of the CI's testimony . . . .").

[10] McGhee's brief fails to comply with the rules of this Court, which require that an appellant's brief contain "a succinct and accurate statement of the proceedings below and the material facts relevant to the appeal and the citation of such parts of the record or transcript essential to a consideration of the errors complained of, and a statement of the method by which each enumeration of error was preserved for consideration" and "argument and citation of authorities." COURT OF APPEALS RULE 25 (a) (1), (3). Rather than a succinct statement of the relevant material facts, McGhee's brief contains a 6-page retyped transcription of the motion hearing and a 12-line block quote of the trial court's ruling on the motion. As for argument and citation to legal authority, this portion of the brief consists of a single page that directly quotes three paragraphs from *Roviaro v. United States*, 353 U.S. 53 (77 SCt 623, 1 LE2d 639) (1957). McGhee's only other citation to authority follows these paragraphs in the form of a *see* citation to a 1988 Court of Appeals opinion, for which he provides no context, discussion, or even a parenthetical. Suffice it to say, the lack of legal analysis in McGhee's brief did little to aid our review. We remind McGhee's counsel that our rules are designed to assist the Court in fully considering the merits of the appellant's arguments.

Testimony established that on February 11, 2013, the confidential informer ("CI") contacted a Hall County law-enforcement officer and told the officer that the CI could order cocaine from a man named Marco, which is McGhee's nickname. The officer instructed the CI to make a call ordering two ounces of cocaine, and the officer overheard the call by speaker phone. The CI was then transported by law enforcement to the agreed upon Hall County location for the drug transaction. Again on speaker phone and in the presence of law enforcement, the CI called McGhee and asked him to walk to a nearby gas station. The CI identified McGhee to law enforcement as the person to whom he was speaking on the phone.

After receiving this evidence, the trial court concluded that the CI was a mere tipster. At trial, additional evidence revealed that McGhee was detained after he entered the gas station, briefly went into the restroom, and emerged. Law enforcement located a quantity of cocaine dropped by McGhee on the gas-station floor. A larger quantity of cocaine was located in the trash can of the gas-station bathroom. McGhee was thereafter charged with the offenses enumerated *supra*, in addition to a charge of trafficking cocaine. The jury could not reach a verdict as to the charge for trafficking, and the trial court declared a mistrial on that count, but McGhee was

convicted of the remaining counts. This appeal by McGhee follows, in which he asserts that the trial court should have required the State to reveal the CI's identity.

As an initial matter, we agree with McGhee that the trial court erred in determining that the CI was a mere tipster when he was charged with the use of a communication facility (a cell phone) in facilitating the commission of a felony (criminal attempt to commit sale of cocaine) and with the criminal attempt to commit sale of cocaine. Both of these crimes involved the CI's participation because the CI was the individual who placed the calls to McGhee to purportedly attempt a purchase of cocaine.[11] And because the State chose to prosecute McGhee for crimes that directly involved the CI's participation, this case is distinguishable from *Little v. State*,[12] upon which the State relies on appeal and in which the CI was no more than

---

[11] *Cf. Griffiths*, 283 Ga. App. at 178-80 (1) (affirming denial of motion to reveal CI's identity when defendant was charged with and convicted of trafficking in cocaine, possessing cocaine with intent to distribute, and using a communication facility to commit a felony drug offense; although CI introduced defendant to undercover officer and "negotiated the terms of the cocaine purchase," defendant and the undercover officer spoke on the phone repeatedly leading up to meeting to conduct sale of cocaine).

[12] 280 Ga. App. 60 (633 SE2d 403) (2006).

a tipster when the defendant was only charged with and convicted of trafficking in methamphetamine.[13]

Nevertheless, McGhee failed to establish the other threshold requirements that would have required the court to conduct an in-camera hearing of the CI's testimony. Namely, McGhee did not present any conflicting evidence in his defense,[14] including

[13] *See id.* at 61, 61-62 (1) (holding that CI was a mere tipster when, "although the informant arranged the sale by telephone, there is no evidence that she actually participated in the transaction in the parking lot," during which officer approached defendant's car alone, noticed drug paraphernalia in plain view, received defendant's consent to search the vehicle, and located "151 grams of methamphetamine in two backpacks" and numerous drug-related items); *see also Turner v. State*, 247 Ga. App. 775, 777 (2) (544 SE2d 765) (2001) ("[The defendant] was indicted for possessing with intent to distribute the cocaine found in his living room. He was not charged with selling cocaine to the confidential informant. The informant was not present during the search and arrest and was neither a participant in nor a witness to the specific offense with which [the defendant] was charged. His testimony would not have been material to the issue of [the defendant's] guilt or punishment.").

[14] *See Respress v. State*, 267 Ga. App. 654, 655 (2) (600 SE2d 727) (2004) ("[A]lthough the confidential informant was an informer-witness and/or an informer-participant, the State's evidence and [the defendant's] evidence did not conflict, as [the defendant] introduced no evidence."). *Cf. Sorrells v. State*, 326 Ga. App. 888, 897-98 (2) (b) (755 SE2d 586) (2014) (physical precedent only) ("The record here shows that, contrary to the trial court's determination otherwise, the threshold requirements for an in camera hearing were satisfied. Because the confidential informant participated in the drug transaction, his testimony appears material to [the] defense of misidentification; the testimony presented by the prosecution was in conflict with that presented by [the defendant]; and the confidential informant was the only available witness to the transaction who could have amplified or contradicted the testimony of the [S]tate's witnesses concerning the seller's identity."); *Little v.*

evidence of what he claimed during the motion hearing would be a defense of entrapment.[15] In short, because McGhee gave no indication of how the testimony of the CI would benefit his defense, and because McGhee presented no evidence of entrapment, the trial court did not err in denying his motion to reveal the CI's identity.[16]

---

*State*, 230 Ga. App. 803, 809 (3) (498 SE2d 284) (1998) ("[T]he threshold issues were met of showing that the confidential informant was an informer-witness or informer-participant; that there was a conflict between the testimony of the police officer and [a defense witness] as to the defendant's guilt; and that the confidential informant was the only available witness who could amplify or contradict their testimony."); *Moore v. State*, 187 Ga. App. 387, 392 (2) (370 SE2d 511) (1988) ("[T]he appellant testified in his own defense and the informer's testimony reasonably can be expected to directly support or refute his testimony. Thus, the expected informant's testimony would not merely be impeaching in nature.").

[15] *See Hill v. State*, 261 Ga. 377, 377 (405 SE2d 258) (1991) ("[There are] three distinct elements that embody the entrapment defense: (1) the idea for the commission of the crime must originate with the [S]tate agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. After a defendant presents a prima facie case of entrapment, the burden is on the [S]tate to disprove entrapment beyond a reasonable doubt." (citation and punctuation omitted)); *see also Graves v. State*, 274 Ga. App. 855, 856 (2) (619 SE2d 356) (2005) ("When a defendant raises the defense of entrapment and testifies to it at trial, the State has the burden of disproving the defense beyond a reasonable doubt. Determining whether the State has done so rests with the jury." (punctuation omitted)).

[16] *See State v. Royal*, 247 Ga. 309, 313 (2) (275 SE2d 646) (1981) (holding that court did not err in failing to disclose identity of confidential informant when, aside from defendant's failure to present evidence to sustain charge that defense of

8

Accordingly, for all of the foregoing reasons, we affirm.

*Judgment affirmed. Phipps, P. J., and Peterson, J., concur.*

entrapment rested on allegations only the informant could confirm or deny, defense counsel made no statement or gave any indication as to how informant's testimony would benefit defendant); *May v. State*, 179 Ga. App. 736, 738 (3) (348 SE2d 61) (1986) ("In the case at bar, no factors mitigating in favor of disclosure were presented to the trial court. Appellant made no statement nor gave any indication as to how the testimony of the informant would benefit the defendant, nor did he indicate that he intended to rely upon a defense of entrapment. In point of fact, appellant did not present an entrapment defense, relying instead upon a general denial of involvement." (citation and punctuation omitted)).